BLANCHE, Judge.
Massman-Drake, a joint venture and partnership composed of the Massman Construction Company, a corporation, and Johnson, Drake and Piper, Inc., a corporation, was engaged by the Louisiana Department of Highways to construct a bridge across the Mississippi River at Baton Rouge.
The contract to construct the bridge required Massman-Drake to install facine mattresses on the river bed.
A facine mattress is used in bridge construction to prevent erosion of the river bottom at the site of the bridge piers. It is constructed by cutting willow trees which grow along the banks of the Mississippi River, and these trees are then tied together by means of cable and wire.
Massman-Drake contracted with the plaintiff to supply the facine mattresses at a stipulated total price of $141,843.30. The contract called for the fabrication of 2,036 squares at a stipulated price of $69.00 per square. Plaintiff constructed the mattresses in question and Massman-Drake accepted delivery and installed the said mattresses at the bridge site.
The sole-issue in the case is whether the plaintiff owes a sales tax on the entire amount of the contract. Plaintiff paid the tax on $7,224.00 of the contract, claiming that this amount represented the cost of material used to construct the mattresses, and the balance of the contract represented labor and profit on which no sales tax was due. On March 12, 1964, the Louisiana Department of Revenue ruled that the sales tax was due on the entire amount of the contract, and on December 1, 1964, plaintiff paid the balance of the tax due under protest and instituted this suit to recover the same. The trial court dismissed plaintiff’s suit and hence this appeal. We affirm.
If the aforesaid transaction is a sale within the meaning of the Louisiana General Sales Tax Law (R.S. 47:301 et seq.), then the tax is due. A sale under the act is defined as follows:
“(12) ‘Sale’ means any transfer of title or possession * * * of tangible personal property, for a consideration * * * »
The tax is imposed on a “sale at retail” at the ratio of two per cent of the sales price of the tangible personal property sold. R.S. 47:302(A).
A sale at retail is defined as follows:
“(10) ‘Retail sale,’ or ‘sale at retail,’ means a sale to a consumer or to any person for any purpose other than for resale in the form of tangible personal property * * *.
“The term ‘sale at retail’ does not include sales of materials for further processing into articles of tangible personal property for sale at retail, nor does it include an isolated or occasional sale of tangible personal property by a person not engaged in such business.” (R.S. 47:301)
According to the foregoing provisions, the tax will apply if there is (1) a transfer of title or possession of tangible personal property for a consideration and (2) if the sale is to a consumer or any person for any purpose other than for resale and (3) if it is not a sale of materials for further processing into articles of tangible personal property for sale at retail and (4) if it is not an isolated or occasional sale of tangible personal property by a person not engaged in such business.
*646 By applying these statutory definitions to the aforesaid transaction, we find that the transfer of the facine mattresses to Massman-Drake thirteen miles above the bridge site was the transfer of title or possession of tangible personal property for a consideration. We also consider it to be a sale at retail, as the mattresses were sold for a purpose other than resale and not such a sale as excluded by the definition of a “retail sale.”
Appellant has not pointed out any statutory provision exempting him from the imposition of the tax but argues that the transaction between appellant and Mass-man-Drake was simply not a sale but on the contrary was an agreement by appellant to perform work and labor as a subcontractor. In other words, it is argued that Massman-Drake was obligated to build a facine mattress under its contract with the State of Louisiana and to install it on the jobsite and that it subcontracted to appellant the building of the mattresses.
It is admitted by appellant that at first glance the contract in question appears to be a sales contract, but we are urged that on closer examination the facts clearly reveal it to be a contract for work and labor, and any materials furnished were only incidental to the purpose of the transaction.
The facts leading to this conclusion by appellant are: (1). the Louisiana Department of Highways was of the opinion that appellant was a subcontractor and this determination required them to carry workmen’s compensation coverage and comply with the payment of wages under the Dawes-Bacon Act, and (2) the materials used in the construction of the mattresses were of relatively little value as compared to the skill, work and labor required to construct a finished product which was of no value to anyone except Massman-Drake. In other words, where these factors are present in the transfer of title or possession of tangible personal property, the contract should be deemed to contemplate a rendition of personal services rather than a sale of goods and is therefore exempt from the sales tax.
Appellant cites us 47 Am.Jur., Section 26, under the general topic “Sales and Use Taxes” and in general fashion the first half of that section seems to substantiate his position:
“§ 26. Transactions Combining Sale of Goods and Rendition of Services. — Under statutes taxing the sale of tangible personal property at retail, it has been held or stated that where a contract contemplating the creation of, and transfer of title to, certain property also requires the exercise of a high degree of skill, and the materials involved are of relatively little value while the principal value of the finished product lies in the skill or services to be rendered, and such product is of little value to anyone other than the buyer, the contract will be deemed to contemplate a rendition of personal services rather than a sale of goods. * * *”
However, we find in that same section language which seems to be contrary to appellant’s position:
“It has been held that the mere fact that in fulfilling a contract for the sale of a product to be made to order a high degree of skill is required, and that labor is the principal cost factor entering into the ultimate product, does not establish that the contract is one for the rendition of services rather than the sale of the finished article. * * * In accordance with the general principle before alluded to, that where a sales tax statute contains a definition of sale at retail, it renders immaterial whether a particular transaction on which it is sought to impose the tax meets the technical requirements of a sale at common law, * * * it has been held that where a statute expressly includes rany services that are a *647 part of siich sales’ within the definition of gross receipts from sales at retail, such provision justifies the taxing of a sale of property requiring the rendition of services to make it suitable for sale, although the services rendered ordinarily constitute the principal cost item of the finished article. * * *” (Emphasis supplied)
It is to be noted that in R.S. 47:301(13) defining sales price that:
“ ‘Sales price’ means the total amount for which tangible personal property is sold, including any services that are a part of the sale * * (Emphasis supplied)
While the aforesaid discussion of the treatment by other courts of various sales tax statutes is very, interesting, we need only look to our own for a decision and have decided that the Collector of Revenue correctly assessed the tax against appellant and in accordance with the provisions of the Louisiana sales tax law, all for the reasons set forth hereinabove.
Finally, appellant argues that as a condition of furnishing the facine mattresses to the prime contractor, appellant had to obtain approval as a subcontractor from the Louisiana Department of Highways and that his recognition by one agency of the State as a subcontractor estops the Collector of Revenue from making a different determination for tax purposes. The answer to this contention is that the Highway Department does not administer the tax laws of the State, and it is difficult to see how any act of the Highway Department can estop the Collector from collecting the taxes due the State.
For the above and foregoing reasons, the judgment of the trial court will be affirmed, and all costs assessed to appellant.
Judgment affirmed.