AYRES, Judge.
This appeal by plaintiff is from a judgment sustaining a motion by one of defendants for a summary judgment. The only question presented is whether there is involved a genuine issue of a material fact. The rule of law in matters of this character as stated in LSA-C.C.P. Art. 966 is to the effect that wherein summary judgments are sought:
“ * * *
“. . . The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.”
In an original petition, plaintiff, in her individual capacity and as tutrix of her son, sought to recover damages to property and personal injuries to her son allegedly sustained in a collision between an automobile owned and driven by defendant Au-dirsch and a motorcycle ridden by her son. In a subsequent amendment, petitioner named, as an additional defendant, Chick-A-Dilly of Winnfield, Inc., by whom, it was alleged, on the date and at the time of the accident, defendant Audirsch was employed as manager. It was further alleged that Audirsch, at the time of the accident, was acting within the course and scope of his employment and that, as a consequence, his employer was responsible for his acts of negligence. Chick-A-Dilly moved for a summary judgment on the basis of the pleadings, affidavits by Audirsch and Harold L. Fanning, president of Chick-A-Dilly, Audirsch’s deposition, and an affidavit by Jennifer Pierce, an employee of Chick-A-Dilly.
The affidavit of Audirsch recites that he left his place of employment at approximately 2:00 p. m. on the date of the accident for the purpose of going fishing; that he first went home, changed his clothes, and proceeded to Saline Lake where he fished during the remainder of the afternoon; and, at the time of the accident, he was returning to his residence in Winn-field in his personal automobile; and, moreover, was not at the time acting within the course and scope of his employment.
Fanning’s affidavit, substantially to the same effect, was obviously not based on his personal knowledge. As was found by the trial judge, with which we agree, its value is nil insofar as the present matter is concerned.
The affidavit of Jennifer Pierce recites that on the date of the accident, she, also, was employed by Chick-A-Dilly; that Au-dirsch was its manager; and that, during the period of her employment, Chick-A-Dilly prepared and sold fish to its customers; that the fish so prepared and sold were purchased by Audirsch, as manager, from a vendor in St. Maurice, where Au-dirsch claims to have purchased the fish on *401 the date of the accident for his own personal use.
The recitals of Audirsch in his deposition agree substantially with the facts detailed in his affidavit. He, however, testified that after leaving the lake about 6:00 p. m., and after purchasing a six-pack of beer at the Last Chance Bar, he drove to St. Maurice where he bought Catfish. He did not know or was unable to recall from whom the catfish were bought. His intention, so he claimed, was to carry the fish home and fry them. En route back to Winnfield, the accident occurred. Au-dirsch left the scene without stopping and drove directly to Chick-A-Dilly, after which he returned, accompanied by a fellow employee, to the scene of the accident.
The affidavit of Chick-A-Dilly’s employee, together with Audirsch’s testimony, hereinabove referred to, raises, in our opinion, a genuine issue of a material fact as to whether Audirsch bought the fish in St. Maurice and was carrying them back to defendant’s place of business for business purposes. Thus, the question whether Au-dirsch was acting, at the time of the accident, within the course and scope of his employment is of paramount importance. This presents a question material and important to a genuine issue in this case.
In Chisholm v. Stevens, 231 So.2d 640 (La.App., 4th Cir., 1970—writ refused), it was correctly pointed out that:
“The main prerequisite for the granting of a summary judgment is the presentation of sufficient evidence by the mover to show that there exists no genuine issue of material fact, because summary judgment is not a device to avoid a trial on the merits.” 231 So.2d 642.
“Nor is a summary judgment to be rendered in a matter because the plaintiff does not have a likely cause for recovery.” 231 So.2d 643.
Moreover,
“ . . . Any doubts as to the existence of a material factual issue are to be resolved against the granting of a summary judgment and in favor of a trial on the merits to resolve disputed facts.” 231 So.2d 644.
To the same effect are the holdings of this court in Jones v. Davis, 233 So.2d 310, 316 (La.App.1970 — writ refused), wherein this court pointed out that it is not the function of the court to determine the merits of the issues involved but only whether or not there exists a genuine and material factual issue. -There, we further pointed out:
“A motion for a summary judgment may not be sustained on a basis that the affidavits on one side preponderate over the facts related in the opposing affidavits. Thus, despite these contradictory affidavits an issue of material fact remains. These issues must be resolved by a preponderance of evidence after trial.”
Hence, we conclude that the motion for a summary judgment was erroneously sustained.
Accordingly, the judgment appealed is annulled, avoided, reversed, and set aside; the motion for a summary judgment is now overruled; and this cause is remanded to the Honorable Eighth Judicial District Court in and for Winn Parish, Louisiana, for further proceedings in accordance with law and consistent with the views herein expressed.
The costs of this appeal are assessed to the defendant Chick-A-Dilly of Winnfield, Inc. The assessment of all other costs is to await final determination of this cause.
Reversed and remanded.