422 So.2d 1237 (1982)
MODERN HOMES & EQUIPMENT COMPANY, INC.
v.
COLLECTOR OF REVENUE.
No. 15107.
Court of Appeal of Louisiana, First Circuit.
October 12, 1982.
Rehearing Denied December 16, 1982.
*1238 Melvin W. Mathes, New Orleans, for plaintiff-appellee Modern Homes & Equipment Co., Inc.
Douglas F. Herbert, Riley F. Boudreaux, Jr., Dept. of Revenue & Taxation Legal Section, Baton Rouge, for defendant-appellant Collector of Revenue.
Before LOTTINGER, COLE and CARTER, JJ.
CARTER, Judge.
This is an appeal from a district court judgment which upheld a decision of the Board of Tax Appeals dismissing the sales tax assessment on the "labor" portion of the sales price charged by defendant, Modern Homes and Equipment Company, Inc.
Modern Homes, an out-of-state company, contracted with Sunrise Homes, a Louisiana general contractor in the business of building homes, to supply labor and materials to construct roof trusses and wall sections in accordance with certain plans and specifications, for a portion of the framing requirements for seven different styles of homes to be constructed by Sunrise.
These items were constructed by Modern Homes and then shipped by common carrier to the job site in Louisiana. On the invoices, the price of the items was broken down into "materials", "labor", and "freight" components. Modern Homes charged sales tax on that portion of the sales price designated as "materials", but not on the "labor" or "freight" portions.
The Collector of Revenue (hereinafter called the Department) assessed a tax of $26,610.63 plus interest on the "labor" portion of the sales price. Modern Homes appealed this assessment to the Louisiana Board of Tax Appeals, which ruled in its favor without written reasons. The Department appealed the decision to the Nineteenth Judicial District Court which upheld the decision.
The Department appeals to this court alleging three assignments of error.

ASSIGNMENTS OF ERROR
(1) The Standards of Judicial Review enumerated in the Administrative Procedure *1239 Act, La.R.S. 49:964(G), should not have been applied by the Nineteenth Judicial District Court to its review of the Board of Tax Appeals decision in this case.
(2) Both the Louisiana Board of Tax Appeals and the District Court should have found that the transaction at issue here amounted to a sale of tangible personal property by Modern Homes to Louisiana contractors under La.R.S. 47:301(12).
(3) Both the Board of Tax Appeals and the District Court should have found that the "labor" portion of the sale price as invoiced by Modern Homes forms part of the sale price as defined in La.R.S. 47:301(13) and, as such, is subject to the Louisiana General Sales Tax.

ASSIGNMENT OF ERROR NO. 1
The district court judge stated in his oral reasons for judgment that he would follow the standard of judicial review as stated in La.R.S. 49:964(G)(5)(6) (the Administrative Procedure Act).[1] The Department correctly points out that the Board of Tax Appeals is specifically exempted from the provisions of the Administrative Procedure Act (except for certain provisions relating to the rule making powers) by La.R.S. 49:967.
The lower court found that the action taken by the Board was "reasonable in light of the evidence before it that Modern Homes was a framing subcontractor of Sunrise, insofar as the construction of roof trusses and wall sections are concerned, and that the items in question were designed for and could only be used in connection with the construction of specific immovable property being constructed by Sunrise in Louisiana."
The court thus found that "(N)o substantial rights of the Collector of Revenue have been prejudiced because the Board's decision was arbitrary, capricious or an abuse of its discretion" and that "(T)he Board's decision was not manifestly erroneous in view of the reliable, probative and substantial evidence on the whole record."
Though La.R.S. 49:964(G)(5)(6) was incorrectly applied in this case, the trial judge's reasons for judgment indicate that he basically followed the correct standard of review as enunciated in Collector of Revenue v. Murphy Oil Co., 351 So.2d 1234 (La.App. 4th Cir.1977). In that case, the court gave the following analysis:
"... Judicial review of decisions of the board (Board of Tax Appeals) is afforded by R.S. 47:1434, which provides that the original transcript of the record, together with all exhibits and evidence thereto attached, shall be the basis for any action on review and the decision of the district court shall be rendered upon the said record as made up before the board. § 1435 grants exclusive jurisdiction to the district courts to review the decisions of the board, and the court shall have the power to affirm or, if the decision or judgment of the board is not in accordance with law, to modify, or to reverse the decision or judgment of the board, with or without remanding the case for further proceedings as justice may require.
.... It is apparent from a reading of the statutes above cited conferring jurisdiction upon the district courts that the scope of review is limited by the provisions of those statutes, and is not unlimited. The statutes provide that the record of the proceeding before the board shall *1240 be the basis for any action on review, and this, coupled with the provision that the court has the power to modify or reverse a decision if not in accordance with law, by implication limits the scope of review to facts on the record and questions of law."
After stating that the Board of Tax Appeals is not governed by the Administrative Procedure law (with certain exceptions), the court in Murphy said:
"In this type of case, the Board acts as a trial court, its findings of fact should be accepted where there is substantial evidence in the record to support them, and should not be set aside unless they are manifestly erroneous in view of the reliable, probative and substantial evidence on the whole record. If the Board has correctly applied the law and adhered to correct procedural standards, its judgment should be affirmed."
We find that the trial judge reviewed the record substantially in accordance with the Murphy case and therefore, this assignment of error has no merit. This finding, however, does not dispose of the case, as we are constrained to disagree with the conclusion reached by the trial judge that the board's decision was "not manifestly erroneous." In the instant case, as in Murphy, the facts are not really in dispute. The question is whether the law was correctly applied to the facts. For the reasons given in the two following assignments of error, we find that the law was not correctly applied and reverse the decision of the trial court.

ASSIGNMENT OF ERROR NO. 2
The Department argues that the Board and the district court should have found that the transactions at issue amounted to sales of tangible personal property under La.R.S. 47:301(12). We agree.
La.R.S. 47:302A and La.R.S. 47:321A impose a tax which is a percentage of the sales price upon "the sale at retail, the use, the consumption, the distribution, and the storage for use or consumption in this state, of each item or article of tangible personal property, as defined herein...".
"Sale" is defined in La.R.S. 47:301(12) as follows:
(12) "Sale" means any transfer of title or possession, or both, exchange, barter, conditional or otherwise, in any manner or by any means whatsoever, of tangible personal property, for a consideration, and includes the fabrication of tangible personal property for consumers who furnish, either directly or indirectly, the materials used in fabrication work, and the furnishing, preparing or serving, for a consideration, of any tangible personal property, consumed on the premises of the person furnishing, preparing or serving such tangible personal property. A transaction whereby the possession of property is transferred but the seller retains title as security for the payment of the price shall be deemed a sale."
"Sale at retail" is defined in La.R.S. 47:301(10) as follows:
(10) "Retail Sale," or "sale at retail," means a sale to a consumer or to any person for any purpose other than for resale in the form of tangible personal property, and shall mean and include all such transactions as the collector, upon investigation, finds to be in lieu of sales; provided that sales for resale must be made in strict compliance with the rules and regulations. Any dealer making a sale for resale, which is not in strict compliance with the rules and regulations, shall himself be liable for and pay the tax.
The term "sale at retail" does not include sales of materials for further processing into articles of tangible personal property for sale at retail, nor does it include an isolated or occasional sale of tangible personal property by a person not engaged in such business.
In Griffin & Zimmer Contracting Company v. Mouton, 231 So.2d 644 (La.App. 1st Cir.1970), this court was presented with a similar factual situation. Massman-Drake contracted with the Louisiana Department *1241 of Highways to construct a bridge across the Mississippi River. Massman-Drake then entered into a contract with Griffin whereby Griffin was to supply facine mattresses to Massman-Drake which Massman-Drake would then use in the construction of the bridge. (The mattresses were used to prevent erosion of the river bottom at the site of the bridge piers). Griffin paid a portion of the sales tax, claiming that the amount paid represented the cost of material used to construct the mattresses but that the balance of the contract represented labor and profit on which no sales tax was due. When the Department ruled that the sales tax was due on the entire amount of the contract, Griffin paid the tax under protest and sued for its return. This court cited the same provisions that are cited above and then stated:
"According to the foregoing provisions, the tax will apply if there is (1) a transfer of title or possession of tangible personal property for a consideration and (2) if the sale is to a consumer or any person for any purpose other than for resale and (3) if it is not a sale of materials for further processing into articles of tangible personal property for sale at retail and (4) if it is not an isolated or occasional sale of tangible personal property by a person not engaged in such business.
By applying these statutory definitions to the aforesaid transaction, we find that the transfer of the facine mattresses to Massman-Drake thirteen miles above the bridge site was the transfer of title or possession of tangible personal property for a consideration. We also consider it to be a sale at retail, as the mattresses were sold for a purpose other than resale and not such a sale as excluded by the definition of a `retail sale'."
Here, as in Griffin, there was clearly a transfer of title for a consideration to a consumer. The items did not undergo further processing into articles of tangible personal property for sale at retail, and the sale was not an isolated sale by a person not engaged in such business. The only question in the instant case is whether the items transferred were tangible personal property.
"Tangible personal property" is defined in La.R.S. 47:301(16) as follows:
(16) "Tangible personal property" means and includes personal property which may be seen, weighed, measured, felt or touched, or is in any other manner perceptible to the senses. The term "tangible personal property" shall not include stocks, bonds, or other obligations or securities.
In Exxon Corp. v. Traigle, 353 So.2d 314 (La.App. 1st Cir.1977), writ refused, 354 So.2d 1385 (La.), this court, recognizing the inadequacy of the above definitions, sought to clarify the meaning of "personal property".[2]
The court found that it was only natural to assume that "the legislature intended that Louisiana property law be applied to give explanation to Louisiana tax law." Therefore, we equated "tangible personal property" with "corporeal movable property" as used in the Civil Code.
Though the items in question later became incorporated into immovable structures as integral parts, as to Modern Homes, they were clearly corporeal movables. In Griffin, this court had no trouble in finding the facine mattresses were tangible personal property even though they obviously later became integral parts of the bridge.
Modern Homes relies on American Sign and Ind. Corp. v. City of Lake Charles, 320 So.2d 234 (La.App. 3rd Cir.1975). In that case, the plaintiff, American Sign, contracted with the city to construct a sign on the city's property. American Sign did not pay any taxes on labor costs. The tax in dispute was paid on materials used and consumed by it and incorporated in the immovable structure (the sign). (All sales taxes involved had the same provisions as La.R.S. *1242 47:301 et seq., except as to the effective rate). It was stipulated that the sign constructed pursuant to the contract was immovable property.
That case is readily distinguishable. American Sign contracted to "provide and furnish all materials, equipment and labor to perform all work required to build, construct and complete a large, illuminated sign." American Sign clearly contracted for the construction of immovable property. In the instant case, Modern Homes contracted to supply specific corporeal movable property. As such, that movable property is subject to the provisions of Louisiana's sales tax law.
Apparently the Board of Tax Appeals and the district court found that the contract was a typical subcontractor construction contract of an immovable. Based on the above discussion, we must conclude that this finding is erroneous and not in accordance with law.

ASSIGNMENT OF ERROR NO. 3
Having found that the contract performed by Modern Homes was a sale of tangible personal property, we must conclude that the "labor" portion of the sale price is subject also to taxation.
La.R.S. 47:301(13) provides:
(13) "Sales price" means the total amount for which tangible personal property is sold, including any services, except services for financing, that are a part of the sale valued in money, whether paid in money or otherwise, and includes the cost of materials used, labor or service costs, except costs for financing which shall not exceed the legal interest rate and a service charge not to exceed 6% of the amount financed, and losses; provided that cash discounts allowed and taken on sales shall not be included, nor shall the sales price include the amount charged for labor or services rendered in installing, applying, remodeling or repairing property sold." (Emphasis added)
The statute expressly includes the cost of labor in the sales price except for "labor or services rendered in installing, applying, remodeling, or repairing property sold." It is undisputed that Modern Homes does not install the roof or wall sections which it sells. Modern Homes delivers the items by common carrier to the job site. Thereafter, it has no further responsibility to the purchaser.
Modern Homes argues that it is like any subcontractor who performs the work at the job site and that to tax it on labor is discriminatory because Louisiana subcontractors who work at the job site are not taxed on labor. Thus, the tax imposed is illegally discriminatory because it is in violation of the protection guaranteed in Article 1, § 8, Cl. 3 (the commerce clause) of the United States Constitution.
The comparison used by Modern Homes is not a correct comparison. The court must look to see if in-state and out-of-state taxpayers, similarly situated, are treated equally. Chicago Bridge & Iron Company v. Cocreham, 317 So.2d 605 (La.1975); Halliburton Oil Well Cementing Co. v. Reily, 373 U.S. 64, 83 S.Ct. 1201, 10 L.Ed.2d 202 (1963). Modern Homes should be compared with a subcontractor who delivers his completed product to the job site.
There is nothing in La.R.S. 47:301(13) to indicate that in-state manufacturers who construct items and deliver them to purchasers are exempt from labor costs. To the contrary, it is clear that in-state manufacturers would not be exempt from sales taxes on labor in a similar factual situation. The only exemption for labor costs is "the amount charged for labor or services rendered in installing, applying, remodeling, or repairing property sold." Persons who fit into this exception are exempt whether they are in-state contractors or out-of-state contractors. Similarly, persons who sell tangible personal property are liable for taxes on labor costs whether they are in-state manufacturers or out-of-state manufacturers. Appellees constitutional argument is without merit.
For the above reasons, the judgment of the lower court is reversed and all costs are assessed to appellee.
REVERSED.
NOTES
[1] La.R.S. 49:964(G)(5)(6) reads as follows:

"(G): The court may affirm the decision of the agency or remand the case for further proceedings. The court may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:
(5) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion; or
(6) Manifestly erroneous in view of the reliable, probative, and substantial evidence on the whole record. In the application of the rule, where the agency has the opportunity to judge of the credibility of witnesses by first-hand observation of demeanor on the witness stand and the reviewing court does not, due regard shall be given to the agency's determination of credibility issues.
[2] The court in Exxon said, "An attempt is made at defining `tangible personal property' in R.S. 47:301(16) 4. It succeeds only in defining `tangible' which is apparently synonymous with `corporeal'. C.C. art. 460. (footnote omitted.)"