238 So.2d 1 (1970)
Ashton J. MOUTON, Collector of Revenue, State of Louisiana
v.
KLATEX, INC.
No. 8035.
Court of Appeal of Louisiana, First Circuit.
June 30, 1970.
Rehearing Denied August 18, 1970.
Writ Refused September 30, 1970.
Donald C. Theriot (Revenue Dept.), Baton Rouge, for appellant.
Martin C. Schroeder, Jr., of McGehee & McKinnis, Baton Rouge, for appellee.
Before LOTTINGER, BLANCHE and PICKETT, JJ.
BLANCHE, Judge.
This appeal requires answer to the question of whether the State of Louisiana *2 may properly assess a use tax on transportation expenses incurred separately from an out-of-state purchase of goods to be used within Louisiana. Klatex, Inc. ("Klatex"), the defendant taxpayer, purchased materials in Arkansas for use in Louisiana and purchased separate from the price therefor in Arkansas transportation for these materials from common carriers, which then delivered the materials to their Louisiana destination. Plaintiff ("Collector") seeks to include these transportation charges in the "cost price" of the materials upon which base the 2 percent use tax is imposed. The trial court upheld the contention of Klatex that these separately contracted transportation expenses were not properly includable in the "cost price," with the result that no additional use tax was owed to the State of Louisiana. From judgment dismissing the Collector's suit, this devolutive appeal was perfected.
The pertinent legislation to be considered in this regard is the following:
"* * * There is hereby levied a tax upon the sale at retail, the use, the consumption, the distribution, and the storage for use or consumption in this state, of each item or article of tangible personal property, as denied herein, the levy of said tax to be as follows: * * *
"(2) At the rate of two per centum (2%) of the cost price of each item or article of tangible personal property when the same is not sold but is used, consumed, distributed, or stored for use or consumption in this state; provided there shall be no duplication of the tax." [Louisiana Revised Statute 47:302A]
"As used in this Chapter, the following words, terms and phrases have the meaning ascribed to them in this Section, except when the context clearly indicates a different meaning: * * *
"(3) `Cost price' means the actual cost of the articles of tangible personal property without any deductions therefrom on account of the cost of materials used, labor or service cost, transportation charges or any other expenses whatsoever; or the reasonable market value of the tangible personal property at the time it becomes susceptible to the use tax; whichever is less." [Louisiana Revised Statute 47:301(3)]
We are satisfied that the trial court was in error in construing "cost price" as defined above so as to encompass only transportation charges incurred by the out-of-state seller rather than as including transportation charges incurred by the out-of-state purchaser irrespective of whether those charges were paid by the out-of-state purchaser directly to his vendor or paid separately. The trial court based its decision in this regard on the Florida Supreme Court's construction of identical language in the appropriate Florida statute in United States Gypsum Company v. Green, 110 So.2d 409 (Florida Supreme Court 1959). However, the important distinction between the Green case and the instant case is that the Florida statute [Sec. 212.06(1), F.S.A.] specifies the time at which the cost price shall be determined by providing that the use tax shall be collected at the rate of: "* * * three per cent of the cost price, as of the moment of purchase * * *." (Emphasis added) As the Court in Green stated, "In effect this means that in cases such as this `cost price' and `purchase price' are synonymous." (110 So.2d at 415)
There is no comparable legislative pronouncement in the Louisiana Sales and Use Tax Law, and we accordingly feel the construction placed by the Florida court on the definition of "cost price" is inapposite.
We feel the legislative intent is clear and that transportation charges and any other expenses "whatsoever" are not to be deducted from cost price in figuring the tax basis for imposition of the use tax.
*3 If Klatex's Arkansas vendor had included in the purchase price the cost of transportation, such cost could not have been deducted from the taxable base. Klatex cannot deduct from the cost price the transportation charges by the simple expediency of paying for them separately.
In addition to the language used in defining "cost price," we take note of the following applicable portion of Louisiana Revised Statute 47:305(5):
"* * * It is, however, the intention of this Chapter to levy a tax on * * * the use, the consumption, * * * in this state, of tangible personal property after it has come to rest in this state and has become a part of the mass of property in this state."
The taxable moment or time when the use tax may properly be imposed is when the property has been withdrawn from interstate commerce and has become part of the mass of the property of the taxing state.
As stated by the North Carolina Supreme Court in Colonial Pipeline Company v. Clayton, 275 N.C. 215, 166 S.E.2d 671, 677 (1969):
"* * * Thus, the taxable event for assessment of the use tax occurs after purchase and after transportation of the property into the taxing state for storage, use or consumption. Hence, the state is at liberty, if it pleases, to include transportation charges in the use tax base and has done so by enactment of G.S. § 105 164.12. Such inclusion was approved in principle in Henneford v. Silas Mason Co., supra [300 U.S. 577, 57 S.Ct. 524, 81 L.Ed. 814]."
Accordingly, while Florida has seen fit not to include in the cost basis for imposition of use tax transportation charges incurred by the out-of-state purchaser separate from the price paid to the out-of-state vendor, on the contrary, North Carolina has seen fit to include such transportation charges in the cost price by virtue of its legislation in this regard, and we feel Louisiana has likewise made this choice. We are also satisfied that under the Henneford decision, Louisiana may constitutionally so include transportation charges in the cost price or tax basis for imposition of the use tax.
The record contains a stipulation between counsel for Klatex and the Collector (Record, p. 14), wherein it was agreed that the audit prepared by the Collector of Klatex's records attached to the rule and marked Exhibit-2 (Record, pp. 3 through 12) correctly reflects the tax, interest and penalty which would be due the Collector in the event its position was upheld. This audit reflects that the amount which would be owed the state totals $5,577.43, comprised of the following:

Tax ........................ $4,221.77
(Through May, 1967)
Interest.................... $ 300.20
(To November 20, 1967)
Penalty .................... $1,055.46
(To November 20, 1967)
(Record, p. 3)

In accordance with this stipulation, judgment will be rendered in favor of the Collector and against Klatex in the sum of $5,577.43. The unpaid tax in addition bears interest subsequent to November 20, 1967, in accordance with R.S. 47:1601. Finally, there is due the Collector an additional charge of 10 percent of taxes, penalties and interest collected as attorney's fees in accordance with R.S. 47:1512.
For the foregoing reasons, the judgment of the trial court is reversed and judgment is rendered in favor of plaintiff in rule, Ashton J. Mouton, Collector of Revenue, State of Louisiana, and against defendant in rule, Klatex, Inc., in the stipulated sum of $5,577.43, together with interest on the unpaid taxes from November 20, 1967, at the rate or rates prescribed by R.S. 47:1601, as well as 10 percent of the taxes, penalties and interest due as attorney's *4 fees, in accordance with R.S. 47:1512. Klatex, Inc, is taxed with all costs of these proceedings.
Reversed and rendered.