505 So.2d 102 (1987)
Shirley McNAMARA, Secretary of Revenue and Taxation, the Department of Revenue and Taxation, State of Louisiana
v.
D.H. HOLMES COMPANY, LTD.
No. CA-6325.
Court of Appeal of Louisiana, Fourth Circuit.
March 16, 1987.
Writ Denied May 29, 1987.
*103 Robert G. Pugh, Pugh & Pugh, Shreveport, for plaintiff.
William F. Grace, Jr., Andrew Rinker, Jr., E. Howell Crosby, Chaffe, McCall, Phillips, Toler & Sarpy, New Orleans, for defendant.
Before GULOTTA, BARRY and WARD, JJ.
BARRY, Judge.
D.H. Holmes Company, Ltd. appeals a judgment in favor of the Louisiana Department of Revenue and Taxation for delinquent use taxes on its direct mail catalogs. It claims the State has violated the federal Commerce Clause.
Holmes, a Louisiana corporation with its principal place of business and registered office in New Orleans, has department stores in various locations within the state. In 1979-1981 Holmes contracted with New York companies to design merchandise catalogs which were printed in Oklahoma City, Boston or Atlanta and mailed from those cities to selected residents in Louisiana (about 82% of the catalogs), Mississippi and Alabama. About 1,000 catalogs are distributed from their Canal Street store.
Holmes paid for the catalogs' design, paper, printing and mailing which customers received without charge. The cost of four catalogs in 1979 was $520,000, six in 1980 cost $670,000, and nine in 1981 cost $834,000. Holmes did not pay sales taxes where the catalogs were printed or designed.
Holmes utilized the catalogs to advertise merchandise, to encourage sales, and for name recognition. The catalogs contained instructions to the postal carrier to leave them with the current resident if the addressee had moved. The return address was the Canal Street store.
The Louisiana Department of Revenue and Taxation conducted an audit of Holmes' tax returns for 1979-1981 and assessed the store for delinquent sales taxes on candy and use taxes (plus interest) on the value of the catalogs. Holmes protested and the State filed suit. Holmes answered that no use tax was due, that R.S. 47:305 authorizing taxation of loose candy was invalid, and that such taxes were violative of the Commerce Clause. Holmes' motion for summary judgment was denied, the case went to a bench trial, and a directed verdict on the catalog issue was denied. Both sides stipulated the amount allegedly *104 due in use taxes on the catalogs and in sales tax on the candy (if the regulation was found valid or invalid).
The trial court concluded there was no constitutional violation; La.R.S. 47:305(5) as it affected the distribution of Holmes' catalogs was valid; and awarded the delinquent use taxes (stipulated at trial) plus statutory interest and attorney's fees. The court found the regulation at issue as to the candy sales invalid and rendered judgment accordingly. After judgment the court granted a new trial on the candy issue. The joint motion of the State and Holmes to dismiss without prejudice the candy sales tax issue (which had been compromised) was also granted. The court later restated the judgment to deny Holmes' motion for a new trial on the catalog issue and to render the same judgment on that issue.[1]

APPLICATION OF USE TAX
La.R.S. 47:302 provides in pertinent part:
A. There is hereby levied a tax upon the sale at retail, the use, the consumption, the distribution, and the storage for use or consumption in this state, of each item or article of tangible personal property, as defined herein, the levy of said tax to be as follows:
. . . . . .
(2) At the rate of two per centum (2%) of the cost price of each item or article of tangible personal property when the same is not sold but is used, consumed, distributed, or stored for use or consumption in this state; provided there shall be no duplication of tax.
La.R.S. 47:321 (pre-1983 amendment) similarly provides in pertinent part:
A. In addition to the tax levied by R.S. 47:302(A) and collected under the provisions of Chapter 2 of Title 47, there is hereby levied an additional tax upon the sale at retail, the use, the consumption, the distribution, and the storage for use or consumption in this state, of each item or article of tangible personal property, as defined in said Chapter 2, except upon drugs, orthotic and prosthetic devices and patients aids prescribed by physicians, for personal consumption or use, and except upon food which is exempt under the provisions of Subsection 3 of Section 305 of this Chapter; the levy of said tax to be as follows:
. . . . . .
(2) At the rate of one per centum of the cost price of each item or article of tangible personal property when the same is not sold but is used, consumed, distributed or stored for use or consumption in this state, provided that there shall be no duplication of the tax.
The statutory intent of the Louisiana use tax law is expressed in La.R.S. 47:305(5) which declares:
(5) It is not the intention of this Chapter to levy a tax upon articles of tangible personal property imported into this state, or produced or manufactured in this state, for export; nor is it the intention of this Chapter to levy a tax on bona fide interstate commerce. It is, however, the intention of this Chapter to levy a tax on the sale at retail, the use, the consumption, the distribution, and the storage to be used or consumed in this state, of tangible personal property after it has come to rest in this state and has become a part of the mass of property in this state.
The thrust of the use tax is that purchasers or users pay taxes on all tangible personal property bought or used within the taxing authority's jurisdiction. Concordia Parish School Board v. Russ, 491 So.2d 1368 (La.App. 3rd Cir.1986), writ denied 496 So.2d 350 (La.1986). Tangible personal property includes that which can be seen, weighed, measured, felt or touched or is in any other manner perceptible to the senses. La.R.S. 47:301(16). It is the same as movable property as used in property law. Exxon Corporation v. Traigle, 353 *105 So.2d 314 (La.App. 1st Cir.1977), writ denied 354 So.2d 1385 (La.1978).
La.R.S. 47:302(A)(2) requires the levy of a tax upon each article of tangible personal property which is not sold, but brought into Louisiana for use. Potashnick Construction, Inc. v. Louisiana Department of Revenue and Taxation, 470 So.2d 526 (La.App. 1st Cir.1985); Sabine Pipe & Supply Company v. McNamara, 411 So.2d 1167 (La.App. 1st Cir.1982), writ denied 414 So.2d 1254 (La.1982). Use includes the exercise of any right or power over tangible personal property incident to ownership thereof. The use tax includes use, consumption, distribution and storage. La.R.S. 47:301(18) and (19).
The use tax is levied on all tangible personal property imported from other states for use, consumption, distribution or storage in Louisiana just as if the articles have been sold at retail. La.R.S. 47:303(A). The taxable moment occurs "when the property has been withdrawn from interstate commerce and has become part of the mass of the property of the taxing state." Mouton v. Klatex, Inc., 238 So.2d 1, 3 (La.App. 1st Cir.1970), writ refused 256 La. 873, 239 So.2d 365 (La.1970), appeal dismissed 401 U.S. 968, 91 S.Ct. 1192, 28 L.Ed.2d 318 (1971). See also Halliburton Oil Well Cementing Company v. Reily, 373 U.S. 64, 83 S.Ct. 1201, 10 L.Ed.2d 202 (1963) (Clark, J., joined by Black, J., dissenting). The use tax is to be computed on the retail price the property would have brought when imported. Fontenot v. S.E.W. Oil Corporation, 232 La. 1011, 95 So.2d 638 (1957).
Holmes purchased the catalogs out of state and paid for their mailing to addresses within Louisiana in order to further its sales. About 1,000 catalogs were distributed from its Canal Street store in New Orleans. 82% of the catalogs, went to Louisiana residents who could purchase merchandise from stores within the state. After the catalogs were in Louisiana mailboxes they were not part of interstate commerce and became part of the property mass in this state. Distribution of the catalogs certainly constitutes "use" by Holmes under the statute and is subject to the tax.

COMMERCE CLAUSE
Holmes argues the use tax on catalogs mailed by out-of-state printers violates U.S. Const. Art. I, § 8, Cl. 3, the Commerce Clause.
In some instances a state may impose a tax on interstate commerce to collect its fair share of the cost of local government. Sales Tax District No. 1 of LaFourche Parish v. Express Boat Company, Inc., 486 So.2d 947 (La.App. 1st Cir. 1986), affrm'd as amended 500 So.2d 364 (La.1987). A state may constitutionally levy non-discriminatory, properly apportioned taxes even upon a foreign corporation when it is related to the corporation's local activities and the state is providing benefits and protection for the activity. Mobil Oil Corporation v. Commissioner of Taxes of Vermont, 445 U.S. 425, 100 S.Ct. 1223, 63 L.Ed.2d 510 (1980); McNamara v. Electrode Corporation, 418 So.2d 652 (La.App. 1st Cir.1982), writ denied 420 So.2d 986 (La.1982).
A state sales or use tax is not per se invalid because it burdens interstate commerce since interstate commerce may be made to pay its just share of the state tax burden. Complete Auto Transit, Inc. v. Brady, 430 U.S. 274, 97 S.Ct. 1076, 51 L.Ed.2d 326 (1977). Our statute declares it is not "the intention of this Chapter to levy a tax on bona fide interstate commerce." La.R.S. 47:305(5).
A tax statute can survive a Commerce Clause challenge if the tax: (1) is applied to an activity with a substantial nexus with the taxing state; (2) is fairly apportioned; (3) does not discriminate against interstate commerce; and (4) is fairly related to services provided by the state. Department of Revenue of State of Washington v. Association of Washington Stevedoring Companies, 435 U.S. 734, 98 S.Ct. 1388, 55 L.Ed.2d 682 (1978); Complete Auto Transit, Inc. v. Brady, supra; Bunge Corporation v. Secretary of Department *106 of Revenue and Taxation, 419 So.2d 1288 (La.App. 5th Cir.1982), writ denied 423 So.2d 1181 (La.1982).
The nexus requirement is met because Holmes operates 13 stores intrastate. It has approximately 5,000 Louisiana employees, 500,000 charge customers, and 1,500,000 customers within the state. 82% of the total number of catalogs were mailed into Louisiana and 1,000 were distributed from the Canal Street store.
In order to find that the tax is fairly apportioned and lacks discrimination against interstate commerce requires a comparison to see if in-state and out-of-state taxpayers similarly situated are treated equally. Modern Homes &Equipment, Inc. v. Collector of Revenue, 422 So.2d 1237 (La.App. 1st Cir.1982), writ denied 429 So.2d 128 (La.1983). La.R.S. 47:305 has been applied to Holmes catalogs printed outside the state just as it is levied upon catalogs of other stores printed within the state. All of the catalogs are utilized to create sales in Louisiana to benefit Holmes and its employees. This tax does not create dissimilar treatment.
Louisiana provides many essential benefits and services for stores such as Holmes which should share the burden of local government. State Representative Claude Leach testified regarding the use of state funds for local government services that would directly benefit Holmes and its employees. The store does not pay taxes where the catalogs are printed so there is no multiplicity of taxes.
We agree that these facts meet the four-pronged test and there is no violation of the Commerce Clause. The record supports the assessment of use taxes on the Holmes catalogs.
We note that the restated judgment erroneously uses the figure awarded in the first judgment as to the candy issue, $49,710.00 (stipulated to at trial), which had been dismissed after a new trial was granted. We therefore amend the restated judgment to reflect the amount due in delinquent use taxes on the catalogs as declared in the first judgment and stipulated to at trial.

DECREE
The judgment is amended:
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that there be judgment herein in favor of the Petitioner, SHIRLEY McNAMARA, SECRETARY OF REVENUE AND TAXATION, THE DEPARTMENT OF REVENUE AND TAXATION, STATE OF LOUISIANA, and against the Respondent, D.H. HOLMES COMPANY, LTD., in the sum of Forty Three Thousand Nine Hundred and Thirty-Seven and 03/100 ($43,937.03), with statutory interest as provided for in La.R.S. 47:1601 and attorney's fees as provided in La.R.S. 47:1512.
AMENDED.
NOTES
[1] We note that the restated judgment incorrectly used the paragraph (from the first judgment) relating to the amount due on the candy issue, $49,710.