GULOTTA, Chief Judge.
In this suit for assessment and collection of “use taxes” by the City of New Orleans on equipment purchased out of state, and shipped to New Orleans where it became installed as an immovable in defendant’s plant, the trial judge dismissed the City’s claim. The basis of the trial judge’s conclusion is that the equipment became immovable by declaration in accordance with LSA-C.C. Art. 467[1], and as such was not subject to the City’s use tax. We affirm.
The applicable provisions in pertinent part of the City Code are:
Section 56-21.
There is hereby levied, for general municipal purposes, a tax upon the sale at retail, the use, the consumption, the distribution and the storage in the city of each item or article of tangible personal property, upon the lease or rental of such property and upon the sale of services within the city, ... (2) At the rate of two per cent of the cost price of tangible personal property when it is not sold, but is used, consumed, distributed or stored for use or consumption in the city, except, that there shall be no duplication of the tax; ...
Section 56-23.
On all tangible personal property imported, or caused to be imported, from other states or other political subdivisions of this state or a foreign country and used by him, the dealer, as thus defined, shall pay the tax imposed by this chapter on all articles of tangible personal property so imported and used, the same as if such article had been sold at retail for use or consumption in this city. For the purpose of this chapter, use, consumption, distribution or storage of tangible personal property shall each be equivalent to a sale at retail, and the tax shall thereupon immediately levy and be collected in the manner provided herein; provided, that there shall be no duplication of the tax in any event.
Section 56-129.
This chapter imposes a tax on the use, consumption, distribution and storage for use or consumption in the city of tangible personal property purchased in such manner that the sales tax does not apply thereto.
The use tax applies to the use of property purchased in interstate commerce or in another state or another parish of the State of Louisiana for the purpose of use in the city after interstate or intrastate commerce has ended. For purposes of taxation, interstate or intrastate commerce ends when purchased property reaches the consignee and comes to rest *430 within the city. The tax does not attach until the property has come to rest in the city.
Appealing the City claims that the use tax attaches to “tangible personal property” at a time when the purchaser of the property “exercises any right or power over the equipment incident to its ownership”. According to the City, Baumer exercised control when it purchased the equipment and instructed the vendor to ship it by common carrier to New Orleans where it was delivered to defendant’s plant.[2] In this connection the City relies on McNamara v. D.H. Holmes Co., Ltd., 505 So.2d 102 (La.App. 4th Cir.1987) writ denied 506 So.2d 1224 (La.1987) and probable jurisdiction noted by D.H. Holmes Co., Ltd. v. McNamara, - U.S. -, 108 S.Ct. 283, 98 L.Ed.2d 244 (1987) for support of its position that the tax attached when the equipment came to rest at the Baumer plant. According to the City the equipment became immovable by declaration under LSA-C.C. Art. 467 only after it had been installed for use at the Baumer plant. We reject this contention.
The dispositive issue in this case does not surround the time at which the property came into Orleans Parish or was delivered to Baumer’s plant. Rather it is the nature and intended use of the equipment purchased, which determines in this case whether it is in fact “tangible personal property”.
Under Chapter 56 of the City Code, dealing with “sales and use tax”, Sec. 56-18 defines tangible personal property as:
“ ‘Tangible personal property’ means and includes personal property which may be seen, weighed, measured, felt or touched, or is in any other manner perceptible to the senses. The term ‘tangible personal property’ shall not include stocks, bonds, notes or other obligations or securities.”
Alvin A. Baumer, president of Baumer Foods testified that the equipment purchased is used in the manufacture of sauces, condiments, jellies, preserves, etc. All of the purchased equipment is custom designed and incorporated into the Baumer plant’s processing operation. Some of the equipment rests on metal pads on the floor, while other pieces are welded into the ends of a conveyor and anchored to the floor with steel bolts. The equipment is also connected by electrical wiring and some pieces are attached with steel beams to the top of large fiberglass tanks. Furthermore, certain pieces of the equipment cannot be removed without welding tools. Baumer also stated that all of the purchased equipment is usually installed upon arrival at the plant and it was “very rare” that the equipment would not be incorporated into the assembly line within a week.
It is clear from Baumer’s uncontradicted testimony that the equipment sought to be taxed is assembled into an immovable assembly line upon its arrival at the plant. As a result, the equipment performs no function other than being part of a large immovable assembly line. This situation is quite different from vehicles, boats, appliances, or other moveable items that continue their use as moveables when brought into the State.
On February 6, 1987, Baumer filed a declaration in the Orleans Parish Conveyance records stating that “all machinery, appliances, and equipment”, placed on the premises of the plant for use in manufacturing were component parts of the operation and therefore deemed to be immov-ables. Therefore, considering that the equipment sought to be taxed was assembled into an immovable assembly line upon arrival at the plant and the fact that Bau-mer filed a declaration of immovable pursuant to LSA-C.C. Art. 467, we conclude that the property is not tangible personal property and thus not subject to the use tax under the provisions of 56-129.
In so concluding, we distinguish McNamara v. D.H. Holmes Co., Ltd., supra relied on by the City. In Holmes, a New Orleans based Louisiana corporation, con *431 tracted with New York companies to design merchandise cataloges which were printed in several cities and mailed from those cities to selected residents in Louisiana. We affirmed the trial court’s holding that the cataloges were subject to the use tax.
Our case is completely different. Here we are dealing with equipment assembled into an immovable assembly line upon its arrival at the manufacturing plant. In Holmes the property sought to be taxed were cataloges which was clearly “tangible personal property” and was properly the subject of assessment of a use tax.
However, the City advances the argument that LSA-R.S. 47:301(14)(g)(ii) as amended by Act. 359 of 1984 defines “tangible personal property” as machinery and equipment which have been declared immovable by declaration under LSA-C.C. Art. 467 and things which have been separated from land, buildings, or other constructions permanently attached to the ground or their component parts. (See LSA-C.C. Art. 466). According to the City this act is the latest Legislative expression defining “tangible personal property” and thus persuasive in defining this kind of property under the City Code. The City claims that because the State and the City of New Orleans tax laws are “virtually the same”, tangible personal property under the City Code should include, within its definition, machinery and equipment as defined in the State statute.
We reject this contention. In the first place LSA-R.S. 47:301(14)(g)(ii) as amended relates to equipment for repair and “sales of services”. This conclusion is recognized by the City in its written argument to this court. Furthermore, the language defining tangible personal property under the State statute was not included in the City Code. Moreover, because this court is interpreting the definition of tangible personal property under the City use tax ordinance and not under State law, we conclude that the definition of “tangible personal property” under State statute LSA-R.S. 47:301(14)(g)(ii) does not apply to our situation. Consequently, the City’s reliance on the State statute is misplaced.
Having so concluded, we affirm the judgment of the trial court.
AFFIRMED.

. LSA-C.C. Art. 467 provides:
“The owner of an immovable may declare that machinery, appliances, and equipment owned by him and placed on the immovable, other than his private residence, for its service and improvements are deemed to be its component parts. The declaration shall be filed for registry in the conveyance records of the parish in which the immovable is located.”

. It is not clear whether the City’s claim is that the tax attaches at the time that the property comes into Orleans Parish or is received at the purchaser’s plant or place of business. For our purposes the distinction is not relevant to the resolution of the dispute in this case.