594 So.2d 615 (1992)
TENNESSEE GAS PIPELINE COMPANY, formerly Tenneco, Inc.
v.
Charles A. MARX, Ph.D., Chairman, State Tax Commission and Commissioner of Revenue, State of Mississippi.
No. 90-CC-1253.
Supreme Court of Mississippi.
February 5, 1992.
*616 John L. Maxey, II, Samuel L. Begley, Maxey Pigott Wann & Begley, Jackson, for appellants.
Leslie R. Brown, Bobby R. Long, Jackson, for appellees.
Before DAN M. LEE, P.J., and SULLIVAN and PITTMAN, JJ.
SULLIVAN, Justice, for the Court:
Tennessee Gas Pipeline Company (hereinafter pipeline company) appeals from a judgment of the Chancery Court of the First Judicial District of Hinds County, Mississippi, which upheld the Mississippi State Tax Commission's imposition of taxes upon the pipeline company's use of natural gas taken from its interstate gas pipeline as fuel for compressor engines located along the pipeline as permissible under the commerce clause and due process clause of the United States Constitution.
The sole issue presented by this appeal is whether or not the chancellor erroneously concluded that the Mississippi State Tax Commission's imposition of use and excise taxes on the pipeline company's consumption of fuel to operate its compressor engines along its interstate gas pipeline was permissible under the commerce clause and the due process clause of the United States Constitution.
Tennessee Gas Pipeline Company is a Delaware corporation qualified to do business and is doing business in Mississippi. It is engaged in the transmission of natural gas throughout several states via an interstate pipeline. Located approximately equal distances apart along the pipeline system are 91 compressor stations. These compressor stations facilitate movement of *617 the gas by keeping it under the appropriate amount of pressure.
Several of these compressor stations are located in the State of Mississippi. The movement of the natural gas through the pipeline to its final destination depends upon the operation of all of the compressor stations along the interstate pipeline. The compressors use natural gas diverted from the pipeline to fuel their operation. The gas used as fuel for each compressor is measured as it is diverted from the main pipeline.
During the years of 1985, 1986, and 1987, the pipeline company owned substantial amounts of real estate located in Mississippi. The pipeline company has maintained in Mississippi a manufacturing plant known as the Walker Division in addition to its pipeline operation and automotive division. The pipeline company had employees stationed in Mississippi throughout the period covered by the audit and still did at the time of the trial. In both 1987 and 1989, the pipeline company filed over 500 withholding forms with the State Tax Commission on behalf of its Mississippi employees.
In 1985, 1986, and 1987, the pipeline company paid Mississippi property taxes and filed income tax returns in this State. The pipeline company reported revenues in Mississippi for 1987 in the amount of $37,866,892.00. Gross receipts from business carried on in the State of Mississippi for the years 1985, 1986, and 1987 total over $900,000,000.00.
The company contends that Mississippi's use tax as set out in Miss. Code Ann. § 27-67-7, et seq., (1972 and Supp. 1989), violates the commerce and due process clauses of the United States Constitution. The four criteria a taxing statute must satisfy to withstand a challenge under the commerce clause and due process clause of the United States Constitution are:
(1) The tax must be applied to an activity with a substantial nexus with the taxing state; (2) the tax must be fairly apportioned; (3) the tax must not discriminate against interstate commerce; (4) the tax must be fairly related to services provided by the taxing state.
Marx v. Truck Renting & Leasing Ass'n, 520 So.2d 1333, 1342 (Miss. 1987), citing Wardair Canada, Inc. v. Florida Department of Revenue, 477 U.S. 1, 106 S.Ct. 2369, 91 L.Ed.2d 1 (1986), and Moorman Manufacturing Company v. Bair, 437 U.S. 267, 98 S.Ct. 2340, 57 L.Ed.2d 197 (1978) [noting the first two prongs of the test quoted above are necessary to satisfy due process requirements.] The failure to meet any one prong of the test renders the tax invalid. Mississippi State Tax Com'n v. Bates, 567 So.2d 190, 193 (Miss. 1990), citing Weeks Dredging & Contracting v. State Tax Com'n, 521 So.2d 884, 890 (Miss. 1988); Marx, 520 So.2d at 1343.
It is no longer true that any business operating in interstate commerce is immune from state taxation. Marx, 520 So.2d at 1342, citing Mobil Oil Corp. v. Commissioner of Taxes, 445 U.S. 425, 100 S.Ct. 1223, 63 L.Ed.2d 510 (1980). But for a state tax to be upheld against the challenges asserted in the instant case, the four prong test must be met.

I. Nexus with the Taxing State
To meet the first prong of the test, the corporation being taxed must substantially avail itself of the privilege of doing business in the taxing state. This inquiry focuses on the underlying activities conducted within the state. Marx, 520 So.2d at 1343. The pipeline company has substantially availed itself of the privilege of doing business in Mississippi. Not only has the pipeline company operated business facilities within the State, stationed employees within the state, and paid state withholding tax on those employees and property taxes on property owned within the state, but it also has domiciled equipment within the state and has received great revenue from its business in Mississippi.
The activity being taxed is the consumption of natural gas to operate compressor engines which propel natural gas through an interstate pipeline. The nexus between this activity and Mississippi, the taxing *618 state, is substantial. The compressor stations at issue are permanently located in Mississippi and it is their use of fuel in the State of Mississippi upon which the tax is imposed. The nexus prong of the test is satisfied.

II. Tax Fairly Apportioned
The party opposing the tax must show by clear and cogent evidence that the tax is out of proportion to the activity which takes place in Mississippi. Marx, 520 So.2d at 1344. The pipeline company did not even address this prong of the test, much less present clear and cogent evidence on its behalf. Nevertheless we will address this issue.
The purpose of the apportionment requirement is to prevent any state from taxing more than its fair share of an interstate transaction. Goldberg v. Sweet, 488 U.S. 252, 260-61, 109 S.Ct. 582, 588, 102 L.Ed.2d 607 (1989). The tax at issue here is fairly apportioned. Mississippi's use tax laws provide for a credit for sales or use taxes imposed by and paid to another state. Miss. Code Ann. § 27-67-7(a). These credit provisions operate to avoid multiple taxation in the event that other states' taxes pose a risk of multiple taxation. See D.H. Holmes Co., Ltd. v. McNamara, 486 U.S. 24, 31, 108 S.Ct. 1619, 1623, 100 L.Ed.2d 21 (1988). Furthermore, the tax imposed was based only on gas actually consumed in compressor stations located in Mississippi, which is measured when it is removed for fuel use, so no formula to apportion the amount of activity in the taxing state is necessary. No other state will seek to tax the natural gas consumed by the compressor stations located in Mississippi.
Mississippi's tax also passes both the internal and external consistency tests. Goldberg, 488 U.S. at 260-62, 109 S.Ct. at 588-89. The tax is internally consistent because every state could impose an identical tax and no multiple taxation would result. External consistency is met because Mississippi "has taxed only that portion of the revenues from the interstate activity which reasonably reflects the in-state component of the activity being taxed." Id. at 262, 109 S.Ct. at 589. Mississippi's use tax is fairly apportioned.

III. No Discrimination Against Interstate Commerce
A state tax that favors an in-state business over an out-of-state business for the sole reason of location is prohibited by the commerce clause. American Trucking Assoc., Inc. v. Scheiner, 483 U.S. 266, at 286, 107 S.Ct. 2829, 2841, 97 L.Ed.2d 226 (1987). If the tax causes an interstate taxpayer to be subject to double taxation on the activity where an intrastate taxpayer would only be subject to a single taxation on the activity, the tax is discriminatory. Marx, 520 So.2d at 1345. Both interstate and intrastate taxpayers, if positioned as this pipeline company is, are required to pay a use tax on fuel consumed in Mississippi. The use tax law allows a credit for taxes paid to another state. Miss. Code Ann. § 27-67-7(a). No double taxation will be imposed upon interstate taxpayers as a result of the tax at issue. Mississippi's use tax does not discriminate against interstate commerce.

IV. Tax Fairly Related to Services of the Taxing State
This test is to prevent taxation of an entity that does not benefit from services provided by the taxing state. Goldberg v. Sweet, 488 U.S. at 266-67, 109 S.Ct. at 591-92. The interstate taxpayer may be required to contribute not only to the cost of the services performed by the state on account of the particular transaction which forms the basis for the tax, but for all governmental services including those from which the entity arguably receives no direct benefit. Id. at 267, 109 S.Ct. at 592. In D.H. Holmes v. McNamara, 486 U.S. at 32, 108 S.Ct. at 1624, the court found that the receipt of police and fire protection, use of public roads and mass transit, and the other advantages of civilized society satisfied this test.
The pipeline company has the benefit of Mississippi's police and fire protection and all other benefits of civilized society and its government. Mississippi provides *619 the work force which the pipeline company employs in its various facilities within the state. Business done in Mississippi yields substantial revenues for the pipeline company. Furthermore, the pipeline company is currently availing itself of the use of our court system. It follows that the pipeline company should pay its share of the tax burden in Mississippi although it is involved in interstate commerce. American Trucking Assoc., Inc. v. Scheiner, 483 U.S. 266, 296, 107 S.Ct. 2829, 2846, 97 L.Ed.2d 226, 251 (1987). It appears that the tax imposed by Mississippi is fairly related to the benefits provided by the state.
The tax imposed upon the pipeline company does not violate the due process clause of the Fourteenth Amendment nor does it violate the commerce clause. The activity taxed, the consumption of natural gas in compressor stations located in Mississippi, has a sufficient nexus with the State to justify the tax. The tax is fairly apportioned to assess only local activities and does not discriminate against interstate commerce by subjecting interstate taxpayers to a double taxation where similarly situated intrastate taxpayers would only be subject to a single taxation. Finally, the tax is fairly related to the benefits provided by the State to the pipeline company.
The decision of the chancellor upholding the assessment of taxes and interest totaling $132,311.47 for the period January 1, 1984, to April 30, 1987, is therefore affirmed.
AFFIRMED.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, PITTMAN, BANKS and McRAE, JJ., concur.