JjWILLIAMS, Judge.
The defendant, Secretary, Louisiana Department of Revenue and Taxation (“Department”), appeals a judgment in favor of the plaintiff, Lowe’s Home Centers, Inc. (“Lowe’s”). The district court affirmed the decision of the Louisiana Board of Tax Appeals vacating a tax assessment issued *712 to Lowe’s by the Department. For the following reasons, we affirm.
FACTS
Lowe’s owns and operates a national chain of home improvement stores. During the audit period of January 1991 to January 1994, Lowe’s opened several new stores in Louisiana. Lowe’s purchased display racks and shelves for the new stores from vendors in several states, including New Jersey, Ohio and Missouri. For each purchase, Lowe’s paid sales tax to the state where the vendor was located. None of the equipment was purchased from Louisiana vendors. Only the New Jersejr transactions are at issue in the present case.
Under the terms of the purchase agreements, the racks and shelving were delivered by the vendor “F.O.B. Seller’s Dock.” Lowe’s was required to make arrangements for receiving and shipping the goods. Consequently, Lowe’s entered into a transportation agreement with a trucking company, which was a contract carrier for Lowe’s. The carrier received the racks and shelves from the vendor and was directed by Lowe’s to deliver the goods to the Louisiana locations. Lowe’s paid all freight charges directly to the carrier.
After an audit, the Department claimed that as a result of purchasing the racks and shelving, Lowe’s owed to Louisiana sales and use taxes in the amount of $95,-121.68, with interest of $39,183.50, for a total of $134,305.18. Lowe’s paid the sum of $109,571.06 to the Department, which issued a proposed assessment to Lowe’s seeking payment of the balance amount of $24,734.12. Lowe’s filed a written protest with the Department, contending that it was entitled to a credit for | ¡¿he amount of sales tax which had been paid to the state of New Jersey, where the vendors were located. Asserting that the sale of the shelving occurred in Louisiana, the Department issued a formal assessment to Lowe’s demanding the balance amount. Lowe’s filed a petition for review of the tax assessment with the Board of Tax Appeals (“the Board”). Following a hearing, the Board rendered a decision in favor of Lowe’s, vacating the assessment issued by the Department.
In May 1997, the Department filed a “Petition to Review Decision of the Louisiana Board of Tax Appeals” in the district court, pursuant to LSA-R.S. 47:1434. After a hearing, the district court rendered judgment affirming the decision of the Board and dismissing the Department’s petition for review. The Department appeals the judgment.
DISCUSSION
In two assignments of error, the Department contends the district court erred in affirming the Board’s decision vacating the tax assessment issued to Lowe’s. The Department argues that the sale of goods did not occur in New Jersey for the purposes of the use tax, because the common carrier was liable for the risk of loss until the goods were delivered to Louisiana.
Generally, Louisiana imposes a sales tax on the retail sale of each item of tangible personal property that occurs in this state. LSA-R.S. 47:302. Tangible personal property is defined as that which may be seen, weighed, measured or touched. LSA-R.S. 47:301(16)(a). A “sale” is defined as any transfer of title or possession, or both, of tangible personal property for a consideration. LSA-R.S. 47:301(12). It is undisputed that New Jersey imposes a similar sales tax.
In addition, Louisiana imposes a use tax on items purchased in other states, but brought into this state for use, consumption, distribution, and the storage for use or consumption. LSA-R.S. 47:302. A credit against the use tax imposed by Louisiana shall be granted to taxpayers who have paid a similar tax upon the sale |3or use of the same tangible personal property in another state. The credit provided herein shall be granted only where the state to which a similar tax has been paid *713 allows a similar credit. LSA-R.S. 47:303(A)(3). Thus, if a state allows a credit to persons for any sales or use tax which may have been previously paid to the State of Louisiana, a credit will be allowed against this state’s sales or use taxes for the tax paid to the other state. LAC 61:I4307(A). The parties stipulated that Lowe’s would be entitled to a credit if sales taxes were properly paid in New Jersey.
Judicial review of a decision of the Board is based upon the facts in the record before the Board and the applicable law. The Board’s findings of fact should be accepted when they are supported by substantial evidence in the record and should not be set aside unless they are manifestly erroneous. St. Pierre’s Fabrication & Welding, Inc. v. McNamara, 495 So.2d 1295 (La.1986). An administrative agency’s proceedings and decisions are presumed to be correct, and the burden is on the party appealing an agency’s action to demonstrate the grounds for reversal. Holladay v. State Board of Medical Examiners, 96-1740 (La.App. 4th Cir. 2/19/97), 689 So.2d 718, writ denied, 97-0730 (La.5/1/97), 693 So.2d 740.
In the present case, the Department contends that Lowe’s is not entitled to a credit against the use tax imposed by Louisiana, because the sales tax was erroneously paid to another state. It argues that the sale at issue took place in Louisiana, and that as a result, sales taxes were not due to New Jersey. However, the Department’s contention is not supported by the applicable law. LSA-R.S. 47:301(12) defines a sale as the transfer of title or possession of tangible personal property for a consideration. Both Louisiana and New Jersey impose a sales tax upon such sales occurring within their states.
Lowe’s purchase agreement with the vendor included the term “F.O.B. Seller’s Dock,” meaning that title was transferred to Lowe’s at the time the goods were delivered to the carrier at the vendor’s dock in New Jersey. The evidence 14shows that the vendor’s obligations under the sales agreement were completed when the goods were delivered at its dock, and that Lowe’s became the owner of the property and responsible for any loss. The Department failed to establish that the transfer of ownership between the vendor and Lowe’s was affected by its indemnification agreement with the carrier, which was acting on Lowe’s behalf. Consequently, a taxable sale as defined by Section 301(12) occurred in New Jersey, requiring the payment of sales tax to that state. Invoices introduced into evidence at the Board’s hearing show that Lowe’s paid sales tax in New Jersey.
Thus, pursuant to Section 303(A), the demonstrated payment of sales taxes due in New Jersey entitles Lowe’s to a credit towards the use tax imposed by Louisiana. This result is consistent with previous application of Section 303(A), requiring Louisiana to give a use tax credit to a taxpayer when the sales taxes paid were legally owed to the other state. See Potashnick Construction, Inc. v. State Dept. of Revenue and Taxation, 470 So.2d 526 (La.App. 1st Cir.1985).
After reviewing the record, we conclude that there is substantial evidence to support the decision of the Board of Tax Appeals, which vacated the tax assessment issued to Lowe’s by the Department. Therefore, we cannot say the district court erred in affirming the Board’s decision and in dismissing the Department’s petition. The assignments of error lack merit.
CONCLUSION
For the foregoing reasons, the district court’s judgment is affirmed. Costs of this appeal are assessed to the appellant, Secretary, Louisiana Department of Revenue and Taxation, as provided by law.
AFFIRMED.