553 So.2d 1029 (1989)
Joseph SMITH,
v.
Anita Ruth SILVERNAIL, et als.
No. 89-CA-0237.
Court of Appeal of Louisiana, Fourth Circuit.
November 30, 1989.
Anthony S. Taormina, Metairie, for plaintiff-appellant.
Law Office of Bruce S. Johnston, Edward J. Womac, Jr., New Orleans, for defendant-appellee, First Financial Bank.
*1030 Tod M. Thedy, New Orleans, for appellee Paul R. Valteau, Jr. Civil Sheriff.
Before LOBRANO, WARD and WILLIAMS, JJ.
WILLIAMS, Judge.
Plaintiff was injured on August 25, 1987 when a bathroom ceiling collapsed and fell on plaintiff, allegedly fracturing his skull and causing numerous other injuries. Plaintiff timely filed a petition against Anita Silvernail, the owner of the property in which the alleged injuries occurred, First Financial Bank and the Civil Sheriff for the Parish of Orleans. First Financial Bank had commenced foreclosure proceedings against the owner of the building and had the Orleans Parish Civil Sheriff lawfully seize the property by virtue of a writ and petition for executory process. First Financial Bank had not yet taken title to the property at the time of the incident in question.
On November 4, 1988, the trial court granted both exceptions of no cause of action filed by the Civil Sheriff and by First Financial Bank. We affirm the judgment of the trial court.
Plaintiff contends that the trial judge erred in ruling that neither the Civil Sheriff nor the seizing creditor is responsible to protect those injured on the property seized. We disagree.
Plaintiff argues that under LSA-R.S. 13:3855, the recordation of the seizure in the mortgage office constitutes an actual seizure. LSA-R.S. 13:3855 provides in part that the recordation of the seizure "shall be considered the actual seizure and possession of the Sheriff of the immovable property described ..."[1] Plaintiff further argues that under La.C.C.P. art. 326, the sheriff is required to safeguard and preserve the property. La.C.C.P. art. 326 provides:
The sheriff shall take actual possession of all movable property seized which is susceptible of actual possession and may remove it to a warehouse or other place of safekeeping.
He may take actual possession of all immovable property seized, unless it is under lease or occupied by an owner.
He shall safeguard, protect, and preserve all property seized of which he has taken or is required to take actual possession; and for such purposes may appoint a keeper of the property.
(Emphasis added).
Though he admits that these articles do not indicate who can be held accountable for a negligent personal injury on the property seized, plaintiff argues that either the sheriff or the lender has an obligation to the public to inspect property that is seized and/or that might be abandoned.
Under La.C.C.P. art. 326, the sheriff may in his discretion take actual possession of the property if it is not under lease or occupied by the owner. The property in question was occupied by a tenant. Furthermore, La.C.C.P. art. 326 does not require the sheriff to take possession but simply allows him to do so absent the specified circumstances. Because the sheriff was not required to and did not take actual possession, he could not be mandated to safeguard and protect the premises and cannot be held liable for plaintiff's injuries.
Though First Financial Bank had commenced foreclosure proceedings against the owner and had the property lawfully seized by the civil sheriff, the bank had not taken title to the property at the time of the injury. Under Heath v. Suburban Building and Loan Association, 163 So. 546 (La.App. 1935), a foreclosing *1031 creditor is not liable for injuries sustained by a tenant during the foreclosure proceedings. Furthermore, because First Financial Bank had not taken title to the property, it had no legal right to enter the premises to make repairs and cannot be found negligent in failing to do so. See Heath, supra.
For the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.
NOTES
[1] LSA-R.S. 13:3855 provides:

The entry of the description of the immovable property to be seized in the sheriff's seizure book and the filing of the notice for recordation in the office of the recorder of mortgages, as provided in R.S. 13:3853 and 13:3854, shall be considered the actual seizure and possession by the sheriff of the immovable property described; and it is not necessary for the sheriff to make an actual seizure or to take actual possession thereof, or to appoint a keeper therefor.
The filing of the notice for recordation in the office of the recorder of mortgages, as provided in R.S. 13:3853, constitutes notice to third persons of the seizure and of the existence of the privilege accorded by law to the seizing creditor.