LeBLANC, Judge.
Plaintiffs, Mr. and Mrs. Steven M. Bertini, appeal from a summary judgment dismissing their wrongful death claim against defendant, Patrick J. Canulette, in his capacity as Sheriff of St. Tammany Parish. The issue on appeal is whether a constructive seizure of a vacant lot pursuant to a writ of fieri facias gives a sheriff custody of the property seized within the meaning of La.C.C. art. 2317. Concluding that it does not, we affirm.
*1198 The present matter arises out of a tragedy which occurred in Covington, Louisiana, on March 15, 1989.[1] On that date, the Bertinis’ five-year-old son was killed while playing in the driveway of his home when a large tree fell upon him from an adjacent, vacant lot (Lot 40, Country Club Estates). The Sheriff’s Office had previously executed a constructive seizure of Lot 40 in accordance with a writ directing its seizure and sale. Notice of this seizure was nailed to a tree on Lot 40 on February 13, 1989.
Plaintiffs filed the present wrongful death suit against the Sheriff, as well as several other defendants not parties to this appeal. The Sheriff filed a motion for summary judgment on the basis that it never had physical possession of or exercised control over Lot 40. The trial court granted the motion and rendered judgment dismissing plaintiffs’ claim against the Sheriff. Plaintiffs now appeal this judgment.
On appeal, plaintiffs assign numerous errors to the judgment of the trial court. However, the essence of plaintiffs’ position is that summary judgment was inappropriate because there are disputed issues of material fact regarding whether the Sheriff had custody of Lot 40 within the meaning of La.C.C. art. 2317.
For instance, plaintiffs maintain that there is an unresolved factual issue regarding whether the Sheriff’s possession of Lot 40 was actual or constructive possession. We disagree. The affidavit of Willie Mae Galloway, a sheriff’s office employee, was offered in support of the Sheriff’s motion for summary judgment. This affidavit established that the seizure was constructive in nature and that the Sheriff’s Office never took actual possession of Lot 40 or exercised any acts of control over it between the time of the service of notice of seizure and the sheriff’s sale of the property. In considering a motion for summary judgment, once it is determined that the supporting documents are sufficient to resolve a material issue of fact, the opposing party may no longer rest on mere allegations to defeat the motion. At that point, the burden shifts to the party opposing the summary judgment to present evidence that a material fact is still at issue. La.C.C.P. art. 967; Louisiana Nat. Bank v. Slaughter, 563 So.2d 445, 447-448 (La.App. 1st Cir.1990). In the instant case, plaintiffs offered no evidence to establish that the seizure and possession of Lot 40 by the Sheriff were anything other than constructive. Plaintiffs’ bare allegation to the contrary was insufficient to rebut the opposing evidence that the seizure and possession by the Sheriff were constructive in nature.
In the case of a constructive seizure, a sheriff does not take actual possession of the immovable property and, therefore, does not exercise physical control over the property in the same manner as he does with an actual seizure. See, Phillips v. Great So. Mortg. & Loan Corp., 350 So.2d 1279, 1282 (La.App. 3rd Cir.1977), and Escat v. National Bank of Commerce in New Orleans, 284 So.2d 832, 835 (La.App. 4th Cir.1973), overruled on different grounds in General Motors Acceptance Corp. v. Meyers, 385 So.2d 245 (La.1980). Although the Sheriff has the power of administration over all property under seizure, he has the duty to safeguard, protect and preserve only that property which he has taken or is required to take actual possession of. La.C.C.P. arts. 326 and 328. Under art. 326, it is completely within a sheriff’s discretion whether to take actual possession of immovable property which is not occupied by the owner and is not under lease. A sheriff is not required to do so and may choose to take constructive possession only. Smith v. Silvernail, 553 So.2d 1029, 1030 (La.App. 4th Cir.1989).
In Smith, the Fourth Circuit dealt with the issue of a sheriff’s duty regarding immovable property under constructive seizure. In that case, the ceiling of a building under a sheriff’s constructive seizure col *1199 lapsed, resulting in injury to a tenant. The tenant argued that the sheriff had a duty to safeguard and preserve the property, as well as an obligation to the public to inspect the property. In rejecting the tenant’s claim, the Court held that “[bjecause the sheriff was not required to and did not take actual possession, he could not be mandated to safeguard and protect the premises and cannot be held liable for plaintiff’s injuries.” 553 So.2d at 1030.
We agree with the rationale of Smith. Although Smith did not deal directly with the concept of custody under La.C.C. art. 2317, we believe its holding is nevertheless reflective of the nature of the relationship that a sheriff bears to immovable property under constructive seizure. We do not believe that the legal nature of this relationship is such as to constitute custody within the meaning of La.C.C. art. 2317.[2] This conclusion is further supported by public policy considerations, since to impose La. C.C. art. 2317 liability, with its attendant duties, upon sheriffs by virtue of constructive seizures of immovable property would constitute an overwhelming burden upon the resources of the state’s sheriffs.
Accordingly, there being no unresolved issues of material fact, we agree with the trial court that the Sheriff was entitled to summary judgment in his favor as a matter of law. La.C.C.P. art. 966 B. The judgment of the trial court is affirmed at plaintiffs’ costs.
AFFIRMED.
CARTER, J., concurs.

. For a complete recitation of the facts surrounding this matter, see Bertini v. Turncliff, 607 So.2d 813 (La.App. 1st Cir.1992), writ denied, 610 So.2d 817 (1993), a prior appeal from a summary judgment dismissing plaintiffs’ claims against the creditor which requested seizure of Lot 40.

. For a discussion of the concept of custody under La.C.C. art. 2317, see King v. Louviere, 543 So.2d 1327, 1328-29 (La.1989).