640 So.2d 365 (1994)
Rose WILLIAMS, Rose Williams and Raymond Williams, on Behalf of Their Unborn Child; Tracy Lynn Kinney; Brenda J. Fox; Joyce M. Montgomery; Anna M. Burns; Cynthia Monroe; Marilyn Kendoyce Vinson; Linda C. Range; Sandra Lee Sims; Rhonda Lynn Champagne; Irma Ray McGary and Beverly A. Payne
v.
STATE of Louisiana, Ford's Chemical and Service, Inc. and Ciba-Geigy Corp.
No. CA 93 0278.
Court of Appeal of Louisiana, First Circuit.
March 11, 1994.
Rehearing Denied April 29, 1994.
*366 Denise Vinet, Jim Ledford, Baton Rouge, for plaintiff-appellant Rose Williams, et al.
Lawrence Durant, Baton Rouge, for defendant-appellee State of LA.
Boris Navratil, Baton Rouge, for defendant-appellee Ford's Chemical and Service, Inc.
Henry Alsobrook, New Orleans, for defendant-appellee Ciba-Geigy Corp.
Errol J. King, Jr., Baton Rouge, for intervenor-appellee Community Health Network of LA, Inc.
Before FOIL, PITCHER and PARRO, JJ.
FOIL, Judge.
At issue in this case is whether plaintiffs' tort claims based on failure to warn are preempted by the Federal Insecticide, Fungicide, and Rodenticide Act (FIFRA), 7 U.S.C.A. §§ 136-136y. The trial court granted the manufacturers' motions for summary judgment. We hold that plaintiffs' state law claims based on inadequate warnings are preempted by FIFRA, and affirm.

FACTS
Plaintiffs are employed by the State of Louisiana, Department of Natural Resources. They alleged that while they were at work they suffered harm from exposure to a pesticide containing the chemical Diazinon. Named as defendants were: The State of Louisiana, Office of State Buildings, Grounds, and Maintenance and Louisiana Department of Natural Resources; Ciba-Geigy Corp., the manufacturer of Diazinon; and Ford's Chemical and Service, Inc. (Ford's), which manufactured the pesticide. Plaintiffs claimed that the manufacturers, Ciba-Geigy and Ford's, failed to properly warn users of the dangers of exposure to Diazinon and failed to provide adequate warning labels on their products. They also asserted a number of theories of liability against the State centering around the application of the pesticide in the office building.
Ford's and Ciba-Geigy filed motions for summary judgment, asserting, among other things, that plaintiffs' tort law claims based on failure to warn were preempted by FIFRA. Thereafter, plaintiffs amended their petitions to allege further infirmities in the warnings, and to allege that the defendants were liable "apart from the label or packaging," for failing to warn the public of the dangers in the use of their products. They also asserted that the products were unreasonably dangerous in design in that an alternative design existed which would have been less likely to produce harmful fumes in a crowded office area.
The trial court granted Ford's and Ciba-Geigy's motions for summary judgment, and this appeal followed.

SUMMARY JUDGMENT
A motion for summary judgment may be granted if the pleadings, depositions, answers to interrogatories, admissions and affidavits show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La.Code Civ.P. art. 966; Louisiana National Bank v. Slaughter, 563 So.2d 445 (La.App. 1st Cir.1990). The burden is on the mover to show that no genuine issue of material fact exists, and it is only when reasonable minds must inevitably conclude that the mover is entitled to judgment as a matter of law that summary judgment is warranted. Id. at 447. In determining whether material issues have been disposed of, any doubt is to be resolved in favor of trial on the merits. If the moving party establishes that there is no genuine issue of material fact and that he is entitled *367 to judgment as a matter of law, it is incumbent on the opponent to set forth specific facts showing that there is a genuine issue for trial. La.Code Civ.P. art. 967; Louisiana National Bank v. Slaughter, 563 So.2d at 448.
The evidence on the motion for summary judgment can be summarized as follows: Plaintiffs alleged that they were exposed to Diazinon when a state worker sprayed a pesticide, manufactured by Ford's, in their office building either while they were at work or shortly before they arrived at the office. Ciba-Geigy manufactures Diazinon in bulk, and sold Diazinon in bulk form to Ford's. Ford's formulated Diazinon 4E insecticide by mixing the Diazinon with solvents.
In support of their motions for summary judgment, Ciba-Geigy and Ford's submitted copies of their labeling and packaging warnings, which were registered with and approved by the Environmental Protection Agency (EPA). Defendants also submitted the depositions of the employees responsible for spraying the insecticide in the office building. Billy Rush, who mixed the chemical, attested that he read the warnings on the bottle and recalled that the warning stated the product was hazardous if not used properly. Paul James, who actually did the spraying, stated that he simply sprayed the pesticide as instructed by his supervisor, and he never read any warnings or any instructions on how to properly spray the pesticide.

FEDERAL PREEMPTION
FIFRA provides a detailed scheme for regulating labels on pesticides. Congress explicitly provided for the extent to which States may regulate pesticides in FIFRA, 7 U.S.C. § 136v, which sets forth, in pertinent part, the following:
136v. Authority of States
(a) In general
A State may regulate the sale or use of any federally registered pesticide or device in the State, but only if and to the extent the regulation does not permit any sale or use prohibited by this subchapter.
(b) Uniformity
Such State shall not impose or continue in effect any requirements for labeling or packaging in addition to or different from those required under this subchapter.
A number of federal courts addressing the identical preemption issue presented in this case have held that § 136v(b) of FIFRA preempts state common law actions against manufacturers of EPA-registered pesticides to the extent that such actions are predicated on claims that the labeling or packaging failed to adequately warn of risks associated with a pesticide. Worm v. American Cyanamid Company, 5 F.3d 744 (4th Cir.1993); King v. E.I. Dupont De Nemours and Company, 996 F.2d 1346 (1st Cir.1993); Shaw v. Dow Brands, Inc., 994 F.2d 364 (7th Cir. 1993); Papas v. Upjohn Company, 985 F.2d 516 (11th Cir.), cert. denied, ___ U.S. ___, 114 S.Ct. 300, 126 L.Ed.2d 248 (1993); Arkansas-Platte & Gulf Partnership v. Van Waters & Rogers, Inc., 981 F.2d 1177 (10th Cir.), cert. denied, ___ U.S. ___, 114 S.Ct. 60, 126 L.Ed.2d 30 (1993).[1]
In support of their motions for summary judgment, Ciba-Geigy and Ford's offered proof that their labeling and packaging requirements were approved by the EPA. In light of the cited federal cases, we hold that plaintiffs are precluded from asserting any causes of action based on failure to warn of the risks associated with Diazinon against Ciba-Geigy and Ford's.
Plaintiffs argue that they have asserted causes of action unrelated to labeling and packaging, thus falling outside of the scope of FIFRA preemption. Plaintiffs alleged in a supplemental petition that the product, Diazinon, is unreasonably dangerous in design because an alternative design existed in that Diazinon could be made in a *368 granular form which, when used in a crowded office building, would give off less fumes. It is true that claims for negligent testing, formulation and manufacture are not preempted by FIFRA. Worm v. American Cyanamid Company, 5 F.3d at 748, 749. However, plaintiffs did not present any evidence in support of this claim in opposing the motion for summary judgment. This mere conclusory allegation does not suffice to create a genuine issue for trial, and the trial court correctly ruled that there was no genuine issue of material fact in entering the summary judgments in favor of the manufacturers. See Worm v. American Cyanamid Company, 5 F.3d at 749.

CONCLUSION
Based on the foregoing, the action of the trial court in granting summary judgment in favor of appellees, Ford's Chemical and Service, Inc. and Ciba-Geigy Corp. are affirmed. All costs of this appeal are assessed to plaintiffs.
AFFIRMED.
NOTES
[1] Plaintiff relies extensively on a case in which the United States Supreme Court considered the preemptive scope of two federal statutes which contained language pertaining to warnings on cigarette packages, Cipollone v. Liggett Group, Inc., ___ U.S. ___, 112 S.Ct. 2608, 120 L.Ed.2d 407 (1992). However, the cited federal cases have discussed Cipollone and its impact on the FIFRA preemption analysis, and all have concluded that nothing in the Cipollone opinion would require a different result.