FOIL, Judge.
At issue in this appeal is whether Louisiana may impose a use tax on natural gas used exclusively to fuel an interstate natural gas pipeline system. The trial court ruled that the compressor fuel was not subject to the use tax. We affirm.
DISCUSSION
Columbia Gulf Transmission Company (Columbia), a Delaware corporation, filed this lawsuit against Arnold Broussard, the Secretary of the Louisiana Department of Revenue and Taxation (Department), seeking to recoup taxes paid to the State of Louisiana under protest. Columbia paid $1,667,537.23 in use taxes on natural gas used to power four compressor stations located in Louisiana. Columbia filed a motion for summary judgment on the issue of the propriety of the use tax assessment. After the presentation of evidence, the trial court entered judgment in favor of Columbia, awarding it all of the taxes paid in protest, as well as interest and costs. This appeal followed.
A motion for summary judgment should be granted only if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La.Code Civ.P. art. 966; Louisiana National Bank v. Slaughter, 563 So.2d 445, 447 (La.App. 1st Cir.1990). The burden is on the mover to show that no genuine issue of material fact exists, and it is only when reasonable minds must inevitably conclude that the mover is entitled to judgment as a matter of law that summary judgment is warranted. Id. In determining whether material issues have been disposed of, any doubt is to be resolved in favor of trial on the merits. If the mover submits sufficient evidence to resolve all issues of material fact, the burden shifts to the opposing party to present evidence that a material fact is still at issue. La.Code Civ.P. art. 967; Louisiana National Bank v. Slaughter, 563 So.2d at 447-448.
*735 The evidence presented in support of the motion for summary judgment can be summarized as follows: Columbia transports natural isgas produced in the Gulf of Mexico, offshore of Louisiana, to regions in the northern United States. After coming out of the wellhead, the natural gas flows directly into Columbia’s pipeline which lies at the bottom of the Gulf. That gas, and all other gas Columbia is transporting, flows through the interstate pipeline system until it eventually reaches Kentucky, where the gas is turned over to a Columbia affiliate. Because of a resistance factor which causes the natural gas to lose pressure and slow down on its interstate journey, the natural gas is routed through various compressor stations in different states along the pipeline system, four of which are located in Louisiana. The compressor stations “re-compress” the natural gas flowing in the pipeline, in effect, boosting the pressure of the gas so that it will reach the appropriate flow rate.
The evidence established that at each compressor station, internal combustion engines or turbine engines produce the horsepower necessary to compress the gas to move it through the pipeline system. The compression units are fueled with natural gas that is taken directly from the pipeline. The natural gas is “tapped” off from the main lines, and flows through a filter system to rid it of any debris, to a regulator and measuring system, then directly to the governor of the engine that controls the speed of the engine and the horsepower from the engine. The State sought to impose a use tax on this “compressor fuel” which is burned in the turbines or engines that power the compressor stations.
It is undisputed that all of the gas at issue in this litigation is extracted directly from the interstate pipeline system and is consumed immediately to power the compressor stations in order to propel the balance of the gas stream through and beyond the State of Louisiana. This gas is not owned by Columbia, but rather is supplied to Columbia by agreement between Columbia and the gas owners. Columbia does not store natural gas in Louisiana to operate its compressor stations.
Columbia argues that the imposition of the use tax is impermissible under the Louisiana taxing statutes, as well as the | ¿Commerce Clause of the United States Constitution. Because we agree that Louisiana may not statutorily impose a use tax on the gas at issue, we need not address the parties’ constitutional arguments.
La.R.S. 47:302 sets forth the general rule that “there is hereby levied a tax upon the sale at retail, the use, the consumption, the distribution, and the storage for use or consumption in this state, of each item or article of tangible personal property ...” La.R.S. 47:305 sets forth exclusions and exceptions from the tax provided for in La.R.S. 47:302. La.R.S. 47:305 E(l) states, in pertinent part:
... [I]t is not the intention of this Chapter to levy a tax on bona fide interstate commerce ... It is, however, the intention of this Chapter to levy a tax on the sale at retail, the use, the consumption, the distribution, and the storage to be used or consumed in this state, of tangible personal property after it has come to rest in this state and has become a part of the mass of property in this state.
Columbia argues that the compressor fuel is excluded from the imposition of the Louisiana use tax by the express language of La. R.S. 47:305 E(l). It asserts that the fuel is extracted from an interstate pipeline system and is used and consumed immediately as an integral part of a purely interstate operation, namely, the continuous, uninterrupted transportation of natural gas from the Gulf of Mexico to the northeast. This flowing compressor fuel is “bona fide interstate commerce” and does not ever “come to rest” in this state, nor does it form a “mass of property in this state”.
La.R.S. 47:305 E provides for an exclusion from the use tax. Tarver v. World Ship Supply, Inc., 615 So.2d 423 (La.App. 4th Cir.), writ denied, 616 So.2d 672 (La.1993). An exclusion relates to a transaction which is not taxable because it falls outside of the scope of the statute giving rise to the tax. Transactions excluded from tax are those which by the language of the statutes are defined as beyond the reach of the tax. Id. at 426 (quoting Oreek, Louisiana Sales & *736 Use Taxation, § 3.1.) The exclusionary language makes it clear that the legislature did not intend to subject to a use tax those transactions constituting “bona fide Ifiinterstate commerce.” A use tax may be properly imposed when the property has been withdrawn from interstate commerce and has “come to rest” in this state or has become part of the “mass of property in this state.” See Mouton v. Klatex, Inc., 238 So.2d 1 (La.App. 1st Cir.), writ refused, 256 La. 873, 239 So.2d 365 (1970).
The uneontradicted evidence established that the compressor fuel does not “come to rest” in this state, nor does it form a part of the “mass of property in this state.” The fuel is diverted from an interstate pipeline system and is consumed immediately as an integral part of the interstate transportation of natural gas. It is therefore beyond the scope of the use tax, and the trial court correctly granted Columbia’s motion for summary judgment.
CONCLUSION
Based on the foregoing, the judgment appealed'from is affirmed, and consequently, the Department’s request for attorney’s fees is hereby denied. All costs of this appeal, in the amount of $215.97, are assessed to the Department of Revenue and Taxation.
AFFIRMED.