I2FOIL, Judge.
This appeal challenges the action of the trial court in granting a motion for summary judgment on the issue of liability. After a thorough review of the record, we affirm.
FACTS AND PROCEDURAL BACKGROUND
On April 7, 1993, Ron Earl Harrell and Dedrain Craig were patrons at the Playboy Lounge located in the City of Amite. At approximately 1:35 a.m., Harrell and Craig were shot by Anthony Alexander and Reginald Toefield. Mr. Craig died from the gunshot wounds he received, while Mr. Harrell was seriously injured and paralyzed as a result. Alexander and Toefield plead guilty to criminal charges stemming from the shooting incident, and were both sentenced to lengthy prison terms.
*532 Ron Earl Harrell filed this lawsuit against the owner of the Playboy Lounge, Indemnity Underwriters Insurance Company, which provided liability insurance for the bar, as well as the shooters. He later added as a defendant the City of Amite, relying on Am-ite Local Ordinance 395 which establishes a midnight closing time for all lounges within the city limits. Harrell alleged that the City of Amite owed a duty to enforce the closing ordinance and asserted that the city’s failure to do so constituted negligence which was a contributing and proximate cause of the injuries he sustained from the shooting.
Another lawsuit was filed against the City of Amite on behalf of three alleged children of Dedrain Craig. In that action, a suit for wrongful death and a survival action were cumulated with the childrens’ petitions for filiation. By order of the court, the Harrell lawsuit and the Craig childrens’ lawsuits were consolidated for trial. Hereinafter, these litigants will be collectively referred to as the plaintiffs.
The City of Amite filed a motion for summary judgment, urging that as a matter of law, it was not liable for the injuries and death stemming from the shooting incidents. In opposition to the motion, plaintiffs submitted a newspaper account of the shootings, in which Amite’s Chief of Police explained that on Tuesday | «evenings, the Playboy Lounge has a disk jockey and a record show, with large crowds attending each week. He stated that over a period of several weeks, the city’s police officers conducted weapons searches at the bar but had not done so the night of the shooting. The Chief believed that the shooting was part of a grudge between Amite youths and a group of Independence youths. Harrell and Craig (23 and 19 years of age respectively) were from Amite; the two shooters (also aged 23 and 19) were from Independence. The article also noted that after the shooting, a group of Amite youths went to an apartment complex in Independence and fired 12 rounds of ammunition into an apartment.
Additionally, in opposition to the motion, plaintiffs submitted the Amite City Police Department’s Offense Reports from 1988-1993. All of these reports dealt with disturbances at local barrooms. Plaintiffs insisted that these reports demonstrated that offenses involving the Playboy Lounge were numerous and many were after the legal closing time of midnight. They urged that the shootings in question were foreseeable in light of the apparent risk of harm presented by a lounge known to be frequented by “weapon carrying patrons.”
Following a hearing, the trial court ruled that the City of Amite was not liable as a matter of law, finding that the city’s failure to enforce the closing ordinance was not the legal cause of the plaintiffs’ injuries. This appeal followed.
SUMMARY JUDGMENT
We shall review the challenged summary judgment de novo under the same criteria that governs the trial court’s consideration of whether a summary judgment is appropriate. Schroeder v. Board of Supervisors of Louisiana State University, 591 So.2d 342, 345 (La.1991). Summary judgment is properly granted only if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La.Code Civ.P. art. 966; Louisiana National Bank v. Slaughter, 563 So.2d 445, 447 (La.App. 1st Cir.1990). pThe burden is on the mover for summary judgment to show that no genuine issue of material fact exists, and it is only when reasonable minds must inevitably conclude that the mover is entitled to judgment as a matter of law that summary judgment is warranted. Id. at 447. In determining whether material issues have been disposed of, any doubt is to be resolved in favor of trial on the merits. If the moving party establishes that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law, it is incumbent on the opponent to set forth specific facts showing that there is a genuine issue for trial. La.Code Civ.P. art. 967; Louisiana National Bank v. Slaughter, 563 So.2d at 448.
In analyzing a claim of negligence, the standard analysis this court employs is the duty-risk analysis, which requires proof of five elements: (1) defendant had a duty to conform his conduct to a specific standard; (2) defendant’s conduct failed to conform to *533 the appropriate standard; (3) the substandard conduct was a cause-in-fact of the plaintiffs injuries; (4) the substandard conduct was a legal cause of plaintiffs injuries and (5) actual damages were sustained as a result. Hutzler v. Cole, 93-0486 (La.App. 1st Cir. 3/11/94), 633 So.2d 1319, 1325, writ denied, 94-0850 (La. 5/13/94), 637 So.2d 1070. The legal cause test requires that there be a substantial relationship between the conduct complained of and the harm incurred. Grow v. Transocean Contractors, Inc., 610 So.2d 830, 836 (La.App. 1st Cir.1992), writs denied, 616 So.2d 680, 681 (La.1993).
The closing ordinance relied on by-plaintiffs as establishing the basis of the city’s liability for negligence makes it a misdemeanor for any person to allow a barroom to remain open between the hours of 12:00 midnight and 6:00 a.m. It also makes it illegal to sell alcohol between those hours. Plaintiffs argue that the city had a djity to enforce its ordinance, and since the shootings in question occurred after-hours at 1:35 a.m., the failure of the city to enforce the closing ordinance caused the shootings to occur and caused the resultant death and injuries.
|sBoth parties argue at length regarding the city’s duty in light of the closing ordinance, and both contest the applicability of the public duty doctrine to the facts of this case. We need not decide at this time the extent of a municipality’s duty to enforce ordinances under its jurisdiction, because we find that as a matter of law, the failure of the city to enforce the closing ordinance was not the legal cause of the harm inflicted on Ron Harrell and Dedrain Craig.
Plaintiffs did not allege that the consumption of alcohol at the Playboy Lounge played any role in the shootings. Furthermore, plaintiffs’ charge that the city received numerous complaints regarding the Playboy Lounge for after-hour incidents of violence is completely unfounded based on the very evidence plaintiffs submitted in support of this assertion. Those records demonstrate that over a five year period prior to this incident, the City of Amite investigated numerous complaints relating to the Playboy Lounge, but the vast majority concerned complaints of loitering, loud noise and thefts of the business establishment. Only one after-hours incident involving a gun was reported to police, and that occurred in 1988. Several altercations involving knives were reported to the police over the five year period; however, the majority of those took place prior to midnight. A few after-hour incidents reported to the police involved fighting with no weapons. Plaintiffs’ evidence simply does not support their assertion that the Playboy Lounge had a known problem with after-hour “weapon carrying patrons.”
In short, it is beyond question under the undisputed facts of this case that the city’s failure to enforce the closing ordinance does not bear a substantial relationship to the harm inflicted on Ron Harrell and Dedrain Craig by the shooters. The sole and proximate cause of Mr. Harrell’s injuries and Mr. Craig’s death was the criminal actions of the two perpetrators who fired the injurious and fatal shots. Therefore, since the plaintiffs cannot establish legal cause as a matter of law, summary judgment was properly granted by the trial court.
^CONCLUSION
Based on the foregoing, the judgment appealed from is affirmed. All costs of this appeal are assessed to plaintiffs, Ron Earl Harrell and the heirs of Dedrain Craig.
AFFIRMED.