672 So.2d 1002 (1996)
GEO CONSULTANTS INTERNATIONAL
v.
PROFESSIONAL ROOFING AND CONSTRUCTION, INC.
No. 95-CA-1016.
Court of Appeal of Louisiana, Fifth Circuit.
March 26, 1996.
*1003 P. Keith Daigle, Daigle, Sullivan, Dupre & Aldous, New Orleans, for Plaintiff/Appellant.
Philip O. Bergeron, Tyson B. Shofstahl, Adams and Reese, New Orleans, for Defendant/Appellee.
GAUDIN, DUFRESNE and WICKER, JJ.
WICKER, Judge.
This is a suit by a lessee against the owner of the leased property and others for damages caused by a leaking roof. The lessee appeals a summary judgment dismissing its claims against the owner of the building. We affirm in part, reverse in part and remand.
Geo Consultants, Inc. leased office space in Concord Place at 1940 I-10 Service Road in Kenner. The building was owned by Mutual Benefit Life Insurance Company and was managed by John Kushner & Associates, Inc. (Mutual Benefit had acquired the building by dation en paiement from Clancy Developments Limited Partnership, the lessor named in the lease.) In 1991 Kushner arranged with Professional Roofing and Construction, Inc. to make certain repairs on the building's roof. During the course of the work, a large volume of water flowed into Geo's offices and damaged furniture, files, office materials and other papers in the offices.
Geo filed suit against Mutual Benefit, Kushner, the roofer and the roofer's insurer. *1004 With respect to Mutual Benefit plaintiff alleged the damages resulted directly from the defective condition of the building and that Mutual Benefit was strictly liable as owner of the building for plaintiffs' business and property losses. Mutual Benefit and Kushner filed a motion for summary judgment, asserting that under a hold-harmless clause in the lease the lessee had assumed all responsibility for the condition of the leased premises, specifically including losses caused by water or by bursting or leaking of pipes.
The trial court granted summary judgment in favor of Mutual Benefit but denied it as to Kushner. In reasons for judgment the court stated that La.R.S. 9:3221 allows a building owner to shift to the lessee by contract any responsibility for injury or damage on the leased premises. In addition, the court cited another clause in the lease under which the lessor and the lessee agreed to make no claims against each other and waived any right of recovery for damage to or loss of the premises, improvements or contents therein. Based on the lease provisions, the court concluded that Mutual Benefit effectively had contracted out of any possible responsibility to Geo. As to Kushner, the court stated there remained fact issues concerning Kushner's actions/inactions as property manager of the building because Kushner had "more of a hands on involvement with the building and its day to day maintenance."
Geo has appealed the dismissal of Mutual Benefit, asserting the trial court erred in granting summary judgment because there are genuine issues of material fact as to the lessor's knowledge of the alleged defect which caused the damages.
The clauses on which the court relied are Paragraphs 13 and 46 of the lease. They state:
13. Lessee assumes responsibility for the condition of the leased premises and Lessee agrees to indemnify Lessor against and hold Lessor harmless from any and all liability for injury to persons or damage to property or other losses caused by or resulting from any accident or other occurrence in, on or about the leased premises, Lessor shall not be liable for loss of any property by theft or otherwise or any injury to person or damage to property sustained by Lessee or Lessee's employees or by any other person, due to the Building or any part thereof becoming out of repair or due to the happening of any accident or occurrence in, or or about the Building (including, but not limited to, injury or damage caused by water, steam, sewerage, electricity, illuminating gas, sewer gas or odors, or by the bursting or leaking of pipes) or due to any act or neglect of Lessee or any tenent [sic] or occupant of the Building. If any such damage shall be caused by the acts or neglect of Lessee, Lessor may repair such damage and Lessee shall thereupon reimburse Lessor for the entire cost of such damage.
* * * * * *
46. Lessor and Lessee shall make no claim for recovery, one against the other, and each expressly waives any right of recovery, one against the other, for damage to or loss of the Building, the leased premises, any improvements thereon, and contents therein, which damage or loss may arise by fire or any other peril covered by any policy of Insurance in which said policy or policies Lessor or Lessee is or may be the insured, and when said loss is caused by or results from any acts of carelessness or negligence of either Lessor or Lessee, their agents, employees, or other persons under their respective control.
The insurance policy mentioned in Paragraph 46 is required by Paragraph 14 of the lease, under which the lessee was obligated to provide and maintain property damage liability insurance naming Mutual Benefit as an insured.
Appellate courts review summary judgments de novo under the same criteria that govern the trial judge's consideration of whether a summary judgment is appropriate. Schroeder v. Board of Sup'rs of Louisiana State University, 591 So.2d 342, 345 (La. 1991). Because the burden of establishing that no material factual issue exists is on the mover, inferences to be drawn from the underlying facts contained in the record must be viewed in the light most favorable to the party opposing the motion. Id. If the supporting *1005 documents presented by the mover are not sufficient to resolve all material fact issues, summary judgment must be denied. Durrosseau v. Century 21 Flavin Realty, Inc., 594 So.2d 1036, 1038 (La.App. 3d Cir. 1992). Only if the supporting documents of the mover are sufficient does that burden shift to the opposing party to present evidence that material facts are still at issue. At this point, the opposing party may no longer rest on the allegations and denials contained in his pleadings and must present evidence of a material fact issue. Id.
Courts must closely scrutinize the papers supporting the position of mover, while the papers of the party opposing the motion are to be indulgently treated. Ortego v. Ortego, 425 So.2d 1292, 1297 (La.App. 3rd Cir.1982), writ den., 429 So.2d 147 (La.1983). The court must find the mover's supporting documents are sufficient to resolve all material issues of fact. Louisiana Nat. Bank v. Slaughter, 563 So.2d 445, 447 (La.App. 1st Cir.1990). If they are insufficient, summary judgment must be denied. Id. All doubts will be decided in favor of trial on the merits even if grave doubts exist as to a party's ability to establish disputed facts at trial. Osborne v. Vulcan Foundry, Inc., 577 So.2d 318, 324 (La.App. 4th Cir.1991).
Any doubt is resolved against the granting of the summary judgment and in favor of a trial on the merits to resolve disputed facts. Chaisson v. Domingue, 372 So.2d 1225, 1227 (La.1979). Summary judgment is seldom appropriate when there is a question relating to subjective facts such as intent, knowledge, motive, malice or good faith. Penalber v. Blount, 550 So.2d 577, 583 (La.1989).

Clause 13Shifting of Liability
La.R.S. 9:3221 provides:
The owner of premises leased under a contract whereby the lessee assumes responsibility for their condition is not liable for injury caused by any defect therein to the lessee or anyone on the premises who derives his right to be thereon from the lessee, unless the owner knew or should have known of the defect or had received notice thereof and failed to remedy it within a reasonable time.
The validity of La.R.S. 9:3221 has been upheld by our supreme court several times. See, e.g., Stelly v. Overhead Door Co. of Baton Rouge, 94-569 (La. 12/8/94) 646 So.2d 905; Tassin v. Slidell Mini-Storage, Inc., 396 So.2d 1261 (La.1981). Because La. R.S. 9:3221 permits the shifting of a property owner's liability for defects in premises only if the owner neither knew nor should have known of the defect, Geo contends there is a factual question as to Mutual Benefit's knowledge of the defect. Geo asserts that Mutual Benefit failed to submit any evidence in support of the motion for summary judgment that tends to show it did not know or should not have known of the defect which caused plaintiff's damages.
The motion for summary judgment was made jointly by Mutual Benefit and Kushner. In support the movers attached a Statement of Uncontested Material Facts, which set forth the property's ownership history and stated: Kushner was Mutual Benefit's agent; Kushner contracted with Professional Roofing to replace the roof on the building; the accident which caused the damage occurred during the course of Professional Roofing's work; Kushner neither partook in, directed, supervised nor oversaw any of the roofing work and was not aware of the roofer's actions at the time of the accident; Professional Roofing supplied all of its own materials, tools and employees; Kushner did not have the right to control the roofer's employees and none of Kushner's employees were trained in roof repair; Geo never gave any written notice to Kushner prior to the date of the accident that the roofer's work purportedly was causing water to seep into Geo's offices; and no written notice such as was required by the lease was ever given by plaintiff to defendants to give them reason to know or any acts or omissions caused by Professional Roofing.
The movers also attached copies of the ownership documents showing the original ownership and subsequent transfer from Clancy to Mutual Benefit; an affidavit by Michael Hilferty, a Kushner employee, reiterating the statements made the Statement *1006 of Uncontested Material Facts; and copies of the contract between Professional Roofers and Kushner.
These exhibits fail to negate the existence of genuine issues of material fact. They establish an agency relationship between Kushner and Mutual Benefit, which raises the implication of vicarious liability of Mutual Benefit for the actions/inaction of its agent. They rely on the assumption that the damage to Geo was caused solely by the work performed by Professional Roofing, despite the allegation in Geo's petition that the leaking water also resulted from the defective condition of the building and/or the owner's failure to repair the defective condition. The exhibits do not establish either the actual cause of the damage or that Mutual Benefit should not have known of the defect and/or moved to remedy it in a reasonable time. This is particularly applicable since Paragraph 4 of the lease makes roof repairs the responsibility of the lessor.
Accordingly, summary judgment based on the liability-shifting clause was improper.

Clause 46Waiver of Right of Recovery
In Clause 46 of the lease the parties waived their rights of recovery against each other. That clause is predicated on the existence of a policy of insurance covering the damage claimed. Mutual Benefit and Kushner apparently presented no documents or other evidence to the district court to establish that there was such a policy of insurance or that the damage arose from a peril covered by such insurance. However, Mutual Benefit submitted with its brief on appeal a copy of a petition for intervention by St. Paul Fire & Marine Insurance Company, filed two months after the hearing on the motion for summary judgment. In the intervention St. Paul alleged it was subrogated to the extent of its payment to Geo for damages arising from the 1991 incident.
The petition for intervention was not included in the designated record lodged with this Court, however, nor did the appellee seek to have the record supplemented. An appellate court must render its judgment upon the record on appeal. La.Code Civ.P. Art. 2164. The record on appeal is that which is sent by the trial court to the appellate court and includes the pleadings, court minutes, transcript, jury instructions, judgments and other rulings, unless otherwise designated. La.Code Civ.P. arts. 2127 and 2128. An appellate court may not consider evidence which is outside that record. Gallagher v. Gallagher, 248 La. 621, 181 So.2d 47, 49 (1965). The appellate briefs of the parties are not part of the record on appeal, and this Court has no authority to consider on appeal facts referred to in appellate briefs if those facts are not in the record on appeal. Tranum v. Hebert, 581 So.2d 1023 (La.App. 1st Cir.), writ denied, 584 So.2d 1169 (La.1991).
Further, the motion for summary judgment was taken under advisement by the trial judge on January 13, 1995. The petition for intervention apparently was not filed until March 10, 1995. The trial court rendered its decision on May 25, 1995. We cannot say, on the record before us, that the trial judge relied on the intervention in granting the summary judgment. It would have been improper for the court to consider the intervention, however, if it was not part of the record at the time the motion was submitted for decision.
Therefore, the trial court erred in granting summary judgment based on the waiver of the right to recovery.

Decree
For the foregoing reasons, the judgment is reversed insofar as it granted summary judgment in favor of defendant Mutual Benefit Life Insurance Company and dismissed plaintiff's claim against that defendant. In all other respects the judgment is affirmed. The case is remanded for further proceedings. Costs of this appeal are assessed against Mutual Benefit Life Insurance Company.
AFFIRMED IN PART, REVERSED IN PART AND REMANDED.